## Penobscot Boom Corporation *versus* Daniel Wilkins.

As a general rule, where property has been attached by an officer and delivered to a third person, who has given an accountable receipt therefor, promising to re-deliver it on demand, the receipter may be discharged from his liability, by proof that the property, when attached, was not owned by the debtor, but by a third person into whose hands it has been delivered.

And if the attaching officer be under no liability to the creditor for the appropriation of the property attached to the payment of the debt, the receipter will be discharged on proof of that fact.

But if such receipter for property, in his promise given to the officer, admits that, " this receipt shall be conclusive evidence against me, as to the receipt of said property, its value and my liability under all circumstances, to said officer," he is estopped to deny that it was the property of the debtor ; and the officer cannot set up, as a defence to an action against him by the creditor for refusing to deliver the property attached, to be taken on execution, that it did not belong to the debtor but to the receipter.

ACTION of the case against Wilkins, as former sheriff of the county, for the default of Fowles, his deputy, in not keeping personal property, attached on a writ in favor of the plaintiffs against Barzillai Brown, so as to be taken on execution.

On July 9, 1836, Fowles returned on the writ an attachment of one hundred thousand feet of pine boards. At the Oct. Term of the S. J. Court, 1839, the plaintiffs recovered judgment against Brown for $467,93, debt, and $95,87, costs of suit, took out their execution, and within thirty days after judgment had a legal demand made by an officer having the execution, upon Fowles for the property, who did not produce it.

At the trial of this action, before TENNEY J. it appeared, that when the property was attached Fowles did not remove it, but left it where it was, taking therefor the receipt of the defendant and Ira Wadleigh; that before the trial Fowles, for the consideration of fifty dollars, delivered up the receipt to Wadleigh, and he took his name and Brown's from it; and that Wadleigh was offered as a witness, to prove, that, at the time of the attachment, the property belonged to him, and not to Brown.

The presiding Judge ruled, that such evidence, if admitted, would not constitute a defence to the action. A default was then entered by consent, to be taken off, if the ruling was erroneous.

Wadleigh produced the receipt, which was in these words. "Penobscot, ss. July 9, 1836. Received of J. P. Fowles, deputy sheriff, one hundred thousand feet of merchantable pine boards valued at twelve hundred dollars, which is attached by said Fowles as the property of Barzillai Brown of Bangor, merchant, on the following described writ, viz. one in favor of the Penobscot Boom Corporation in said county, returnable to the court of common pleas next to be holden at Bangor, within and for the county of Penobscot, on the first Tuesday of October next, 1836. And we hereby (in consideration of one dollar paid to us by the said officer,) jointly and severally promise and agree to keep said property safely, and return the same to him or to his order or successor in

office, on demand, in like good order as at present, free of expense to the officer or creditor ; and we further agree that a demand on any one of us for said property shall be binding on the whole.

" And we further agree that this receipt shall be conclusive evidence against us as to our receipt of said property, its value before mentioned, and our liability under all circumstances to said officer for the full sum above mentioned.

"_____

"_____"

*J. Appleton* and *D. T. Jewett*, for the defendant, said that the ground of defence was, that the defendant should have been permitted to show, that the property attached was not at that time the property of the debtor, but of another person.

The law is well established, as a general rule, that such evidence is admissible, whether the suit be by the plaintiff against the officer, or by the officer against a receipter. *Fuller* v. *Holden*, 4 Mass. R. 498; *Canada* v. *Southwick*, 16 Pick. 556 ; *Robinson* v. *Mansfield*, 13 Pick. 139 ; *Johns* v. *Church*, 12 Pick. 557 ; *Wallis* v. *Truesdell*, 6 Pick. 455 ; *Bursley* v. *Hamilton*, 15 Pick. 40.

It was said at the trial, that the defendant is estopped from setting up this defence, because Wadleigh, the owner of the property, signed the receipt to the officer. But if it would have been so in a suit by the officer against the receipter, it can be none in the case of the creditor against the sheriff. The creditor had nothing to do with the receipt. That is a matter entirely between the officer and the receipter. The creditor is neither a party or a privy to the receipt, or of the parties to it. *Johns* v. *Church*, 12 Pick. 557.

The evidence should have been admitted, even if the doctrine of estoppel applies, to show that the damages should be merely nominal. 11 Mass. R. 247 ; 2 Story's R. 292.

*Kent* and *McDonald*, for the plaintiffs, admitted, that the general rule was, that it was a good defence for the officer to show that the property did not belong to the debtor at the time it was attached. But they contended, that it was equally

well settled, that the receipter for property, who in the receipt had admitted that it was the property of the receipter, was estopped to deny it afterwards. As it respected the creditor, the officer and the receipter, it was the same as if the receipter had no claim ; and he had none, and the defence necessarily failed. *Dewey* v. *Field,* 4 Metc. 381 ; *Sawyer* v. *Mason,* 19 Maine R. 49.

The opinion of the Court was drawn up by

SHEPLEY J. — This is an action on the case against the defendant, as former sheriff of this county, for the alleged default of J. P. Fowles, one of his deputies, respecting personal property, attached by him on July 9, 1836, on a writ in favor of the plaintiff, and against Barzillai Brown. Fowles returned upon the writ an attachment of one hundred thousand feet of pine boards as the property of the debtor, and took an accountable receipt therefor, signed by him and one Wadleigh, containing this clause. " And we further agree, that this receipt shall be conclusive evidence against us as to our receipt of said property, its value before mentioned, and our liability under all circumstances to said officer for the full sum above mentioned."

The plaintiff in that suit recovered judgment at the October term of this Court, in the year 1839, and placed the execution issued thereon in the hands of a deputy sheriff, who within thirty days after judgment, demanded of Fowles the property attached, and he neglected or refused to deliver it.

The defence presented is, that the property attached did not belong to the debtor, but was the property of Wadleigh, and of Joseph Smith. It has been decided, that an officer may exonerate himself by such proof. He is permitted to "prove, that he was guilty of no neglect, and that the plaintiff had sustained no injury by his non-feasance ;" and to do this on the ground, that he would become a trespasser by seizing upon execution the property attached. *Fuller* v. *Holden,* 4 Mass. R. 498.

It has also been decided, that his bailee, who has given an

accountable receipt for the property, may be discharged by proof, that it was not owned by the debtor, but by a third person, into whose hands it has been delivered. For the reason " that the sheriff was not liable to an action for not levying upon these goods." *Learned* v. *Bryant*, 13 Mass. R. 224 ; *Fisher* v. *Bartlett*, 8 Greenl. 122.

The sheriff holds the property attached in his official character in trust for the person, who may be legally entitled to receive it, or to have it appropriated for his benefit. He is bound to conduct faithfully toward the creditor, and all others interested in the execution of that trust. If the creditor may legally avail himself of the property attached to pay his debt, the officer will be guilty of mis-feasance or non-feasance, if he deprive him of the means, by which that is to be accomplished in due course of law.

There are cases, in which his bailee is not permitted to make defence against an attaching officer by proof, that the debtor did not own the property. And if the officer were not then liable to the creditor or owner for the amount, which he might recover of his bailee, he would be enabled to cast off the character of official trustee, and to derive a personal benefit from the property thus attached and recovered. This the law will not permit him to do.

In this case the deputy of the defendant surrendered to his bailees their accountable receipt, for a valuable consideration paid to him. The defendant can therefore be exonerated from his liability by proof, that those bailees could have successfully resisted a suit brought by his deputy against them, to recover the value of the property attached, or so much thereof as would satisfy the claim of the creditor.

The case states, that about one-fourth part of that property belonged to Smith. But there is no proof, that he ever asserted his right to it, or that he ever received it or its proceeds. The receipters could not upon this proof make any valid defence against a recovery for the value of it.

The other three-fourths, according to the proof, were the property of Wadleigh, who receipted for it with the debtor.

When the owner of property admits in his written stipulation to account for it, that it is the property of the debtor, he is estopped to deny it. *Wallis* v. *Truesdell*, 6 Pick. 455 ; *Johns* v. *Church*, 12 *ib.* 557 ; *Robinson* v. *Mansfield*, 13 *ib.* 139 ; *Bursley* v. *Hamilton*, 15 *ib.* 40 ; *Canada* v. *Southwick*, 16 *ib.* 556 ; *Dewey* v. *Field*, 4 Metc. 381 ; *Sawyer* v. *Mason*, 19 Maine R. 49 ; *Dezell* v. *Odell*, 3 Hill, 216.

It has been asserted that the case of *Johns* v. *Church*, is opposed to this doctrine. The receipter in that case, was not held to be estopped by such an admission, because he had delivered the property and discharged himself from his obligation. The Court held, " that the estoppel should not extend beyond the terms and duration of the contract," thereby admitting it to be binding to that extent. And the same Court so considered in the case of *Robinson* v. *Mansfield*. Nor is the case of *Lathrop* v. *Cook*, 14 Maine R. 414, opposed to this doctrine. The receipter was not held to be estopped in that case to prove, that he owned the property, because his stipulation contained no words admitting the property to be in the debtor or in any other person.

In this case the receipt not only states, that it was attached as the property of the debtor, but the receipters therein agree, that it shall be conclusive evidence of their liability to the officer for the value of it under all circumstances. It is said that this could not have been the intention of the parties, for the receipters would then be liable to pay the amount to the officer, if the plaintiff failed to recover judgment, or to place an execution issued thereon in the hands of an officer within thirty days thereafter. The true meaning undoubtedly was, that they should be liable to the officer under all circumstances, in which he would be liable to others. It would seem to have been the design, that Wadleigh should waive his rights to the property so far, as to allow it to be used by the officer to secure the payment of that debt. The last clause of the receipt does not admit of any other rational interpretation.

Under such circumstances the deputy of the defendant could not show, that the plaintiff had not been injured by his conduct, nor could he be justified in neglecting to produce the property

attached, or so much of it as would be sufficient to satisfy the plaintiff's demands.

*Judgment on the default.*