ALEXANDER H. G. LEWIS *vs.* J. W. WEBBER & another.

Hampden. Sept. 22, 1874. — Jan. 6, 1875. MORTON & ENDICOTT, JJ., absent.

Goods of a partnership were attached in an action against one of the members thereof, and were delivered to a receiptor who signed a receipt reciting the value of the goods and that they were free from incumbrance, and agreeing to keep the goods without expense to the attaching officer, to deliver them to him as he should appoint, and to save and keep him harmless from all cost, trouble and expense that should arise to him through default in consequence of his entrusting the goods to the receiptor. At the time of the attachment the partnership had not enough property to pay the partnership debts, and more than four months afterwards the members of the firm went into bankruptcy and received their discharge. A special judgment was obtained against the property attached in the original action and a demand made upon the receiptor. *Held,* in an action by the attaching officer against the receiptor that the latter was not estopped to set up the bankruptcy proceedings, and that the action could not be maintained.

CONTRACT on the following receipt, signed by the defendants : "Hampden, ss. July 24, 1871. Whereas A. H. G. Lewis, deputy sheriff, has this day, at my request, delivered into my hands the following property, to keep, namely : The stock, machinery and goods in the mill of Ahi Peace & Co., in Springfield, attached by him on a writ which issued from the Superior Court for said county, returnable to said court on the fourth Monday of October next. The stock and goods being valued at $600, and said goods being free from any incumbrance, in consideration that said Lewis has delivered the same to me, I promise safely to keep said property without expense to said Lewis, until the said Lewis or his order, shall call for it ; then to deliver it to him, or his order, at

such time and place as he shall appoint , and I do further promise that I will save and keep harmless the said Lewis from all cost, trouble and expense, that shall or may arise to him through default, in consequence of his entrusting said property in my hands."

Trial in the Superior Court, before *Aldrich*, J., who, by consent of the parties before verdict, reported the case for the consideration of this court, in substance as follows :

The making of the agreement by the defendants is admitted by them. It is also agreed that the plaintiff, a deputy sheriff of Hampden County, attached the property named in the receipt, on a writ sued out by George Harley against Ahi Peace, on July 21, 1871, which writ was duly entered in the Superior Court for said county, and a special judgment thereon against the property attached was obtained by the plaintiff at June term, 1873. The plaintiff testified that he made a demand upon the defendants for the property named in the receipt, July 21, 1873 ; that they did not deliver the property to him ; that the property when attached was in the mill of Ahi Peace & Co., and a keeper was appointed by the plaintiff and placed in charge of the property ; that the manufactured goods, named in the receipt, were by direction of the plaintiff packed in five cases and conveyed to the railroad depot in Springfield for the purpose of being shipped thence to New York, as the best market in which to sell the goods ; that at the depot the goods were placed by the plaintiff in the keeping of the freight agent of the railroad, and were there in his possession at the time the receipt was given by the defendants to the plaintiff, July 24, 1871 ; that when the receipt was given to him, he directed the keeper to give up the property, and that the property went back into the possession of Ahi Peace & Co.; that he did not personally return the property, but gave to one of the defendants a note addressed to the keeper, instructing him to give it up. There was no evidence contradicting this testimony of the plaintiff, except that Webber, one of the defendants, testified that he never saw the property attached, that his co-defendant did not go to the depot or to the mill ; that no note to the keeper was given to him by the plaintiff, nor to his co-defendant, to his, Webber's knowledge, in relation to the delivery of the property to him. He further testified that he receipted for the property

at the request of Ahi Peace, and that he understood at the time that Peace would send the goods to New York and sell them there, and with the proceeds of the sale pay the help of the firm of Ahi Peace & Co., the firm consisting of Ahi Peace and his brother.

The defendants contended, and the plaintiff did not contradict it, that the property attached belonged to Ahi Peace & Co., and that the suit in which the attachment was made was against Ahi Peace alone. They further contended, which was controverted by the plaintiff, that the attachment was invalid for the reason, that the property of a partnership is not attachable to secure an individual debt of one of the partners ; and that even if the attachment was valid, the taking of the receipt dissolved it, and that therefore the subsequent proceedings in bankruptcy of Ahi Peace & Co., hereinafter mentioned, operated to discharge any lien the attaching officer or creditor had on the property attached ; also that the property attached was covered by three personal mortgages at the time the attachment was made ; two of which mortgages given by Ahi Peace were duly foreclosed before the judgment was obtained in the suit of Harley against Peace. The other was given by the firm and was not foreclosed. Two of the mortgages were given by Ahi Peace before he formed the partnership with his brother, and the third was given by the firm.

Ahi Peace testified that the firm, at the time the said goods were attached, would not have been able to pay all their debts in full if they had been required to pay them at once ; that neither he or his partner had any property except what belonged to them as partners ; that the mortgages were not paid ; that the cases of goods attached, which were balmoral skirts, were manufactured in part of stock included in the mortgage given by the firm ; that about one fourth of the stock used in the manufacture of the said skirts was included in that mortgage, and not in the other mortgages ; and that there was no mortgage on these goods *eo nomine*.

The petition of Ahi Peace and of his brother and partner, Alfred Peace, in bankruptcy as partners and as individuals, was filed June 18, 1872. They were adjudged bankrupts, June 21, 1872. An assignee of their estates was chosen July 15, 1872. No assets came into the possession of the assignee, and the as-

signee made the affidavit of no assets. The bankrupts obtained their discharge in June, 1873.

The plaintiff objected to all evidence offered by the defendants tending to control or contradict the written receipt or agreement signed by them, upon which this action is brought, and contended that they could not avail themselves of said mortgages and proceedings in bankruptcy, or of the fact that the goods attached belonged to the firm, in defence of this action.

If upon the undisputed facts of the case and such parts of the defendants' evidence as the court shall hold to be admissible, the action can be maintained for the whole or any part of the property named in the receipt, judgment is to be rendered for the plaintiff, and the case remitted to the Superior Court for the assessment of damages. If in the judgment of the court the action cannot be maintained, judgment is to be entered for the defendants.

*M. P. Knowlton*, for the plaintiff.

*A. L. Soule*, for the defendants.

COLT, J. At the time the contract or receipt upon which this action is brought was executed the property therein described had been actually attached in a suit against Ahi Peace. It was then in charge of keepers appointed by the plaintiff, part of it at the mill of Ahi Peace & Co., where it was attached, and part at the depot to which it had been afterwards taken. Upon the giving of the receipt it was surrendered to the firm of Peace & Co., by the plaintiff's written order on the keepers. The property attached was the property of the firm. There was evidence that the firm was not then able to pay the partnership debts, and that accordingly there would be nothing left of its assets for the separate creditors of the individuals composing it. The firm was in fact declared bankrupt shortly after, but not till after this receipt had been given. The property was also subject to prior mortgages.

The defence is that upon the facts agreed, and upon the facts testified to, which by the terms of the report are to be taken as true if competent, there was no valuable interest in the property which could be taken by a creditor of Ahi Peace. To which the plaintiff replies that the defendants are estopped from setting this up in their action on the contract.

The question of the defendants' liability is to be settled by as-
certaining from the terms of the contract, as applied to the circum-
stances under which it was executed, whether it is to be regarded
as a contract of indemnity only, or as a receipt for specific articles
actually attached with an agreement for their safe keeping and
return.   If it be the latter, then by repeated decisions the defend-
ants are not estopped from showing in defence that the goods
attached were all subject to prior mortgages, or to the prior right
of the partnership creditors, and were or ought to have been ap-
plied to the payment of those debts.   It was early held that if an
officer had wrongfully attached the goods of a third person as the
property of the debtor, and had bailed them, the bailee might pro-
tect himself by a delivery to the true owner, for by such a delivery
the officer would be discharged from liability to the creditor, the
debtor, and the real owner.   *Learned* v. *Bryant*, 13 Mass. 224.
And it is even held that the receiptor is not in all cases estopped
to assert his own right of property in the goods attached, merely
by reason of having executed an accountable receipt for it to the
officer.   To have that effect there must be the element of such
conduct or such declarations as induced the officer to alter his
condition or to forego some advantage which he might have had.
*Dewey* v. *Field*, 4 Met. 381.   *Barron* v. *Cobleigh*, 11 N. H. 557.

We are of opinion that under the circumstances disclosed the
defendants are not estopped under their receipt from setting up
the defence relied on.   It is not like a receipt, such as is often
given purposely to avoid an attachment, without regard to whether
the property recovered in it is attachable or not, or is even in
existence.   Such a contract is a mere substitute for the security
by attachment, and is in effect but an agreement to indemnify
the officer for not making an attachment.   In such case, the re-
ceiptor assumes the absolute liability, and would be estopped to
set up that the articles were not the property of the debtor.
*Thayer* v. *Hunt*, 2 Allen, 449.   In this case, an attachment of
specific property was actually made and the goods placed under
keepers.   Upon the giving of the receipt, the defendants were
entitled to its custody.   We cannot discover anything in the
terms of the contract itself, which requires us to regard it as an
agreement to indemnify the sheriff.   There is no express stipula
tion in it that the property belongs to the debtor, or is liable for

his debts, or that he has a good title. It is indeed valued at a fixed sum, and is described as free from any incumbrance; but this last clause, if it has any meaning, cannot by estoppel defeat the defendants' right to show that the debtor had no title whatever to it, or that his interest has been absorbed by the creditors of the partnership. It is only a promise for the redelivery of the property, when called for, at such time and place as the bailee or promisee should appoint.

The proceedings in bankruptcy against the firm of Peace & Co. defeated this attachment. The partnership creditors have a prior right to the partnership property, and the assignment in bankruptcy was a transfer by operation of law of the partnership property for the benefit of the partnership creditors. *Allen* v. *Wells,* 22 Pick. 450, 453. This is sufficient to show, without considering the mortgages, that the property has gone to the use of the persons entitled to it. *Shumway* v. *Carpenter,* 13 Allen, 68. *Bursley* v. *Hamilton,* 15 Pick. 40. *Hayes* v. *Kyle,* 8 Allen, 300. *Penobscot Boom Corporation* v. *Wilkins,* 27 Maine, 345.

*Judgment for defendants.*