Municipal Court of Nashua,
    Feb. 5, 1935.

WILLIAM F. SWEENEY *v.* JERRY J. HAGGERTY.

*Morris D. Stein* (by brief and orally), for the plaintiff.

*Wason, Guertin & Leahy* (*Mr. Guertin* orally), for the defendant.

BRANCH, J.   The record before us is incomplete, but from the findings of the court and the statements of counsel, in regard to which there is no disagreement, the following facts appear.

Upon February 21, 1934, the plaintiff attached a stock of goods in a grocery store at Nashua as the property of Benjamin D. Levine in an action brought by one Louis Cerier against the said Levine. The defendant Haggerty thereupon executed a receipt in the following form:

"Hillsborough ss.                                       February 21, 1934
Received of William F. Sweeney Deputy Sheriff of the County of Hillsborough for safe keeping, the Goods and Chattels following, attached by him as the property of Benjamin D. Levine in an action in favor of Louis Cerier d/b/a/ the Quality Provision Company, returnable at the Municipal court for said County.   March Term, 1934, to wit:

Four hundred silver dollars, lawful money of the U. S.   All of the value of four hundred dollars; and I hereby agree to deliver the same to said William F. Sweeney, Deputy Sheriff or order, upon demand, in good order and condition as the same are now in, free from all charge and expense to said William F. Sweeney, Deputy Sheriff.

Jerry J. Haggerty."

After giving this receipt, the defendant Haggerty left the attached goods in the possession of Levine, who thereafter continued to make sales therefrom in the ordinary course of his business until March 7, 1934, when he made a common-law assignment for the benefit of

creditors, and the assignee proceeded at once to liquidate his assets, including the goods attached as above.

On April 4, 1934, the said Levine filed a voluntary petition in bankruptcy in the United States district court for the district of New Hampshire, and was in due course adjudged bankrupt. The above mentioned assignee thereupon turned over all the assets in his hands to the trustee in bankruptcy.

Thereafter, upon May 8, 1934, the case of *Cerier* v. *Levine* was heard upon its merits in the municipal court of Nashua without objection by the defendant Levine, and judgment was rendered for the plaintiff. The present action was brought to secure satisfaction of this judgment. The court, at the time of the trial, understood that the defendant Levine had been declared a bankrupt and that the attachment here involved was made within four months of the adjudication of bankruptcy.

As a basis for its judgment herein, the municipal court ruled that the attachment was dissolved by the bankruptcy proceedings commenced within four months after it was made, and that the defendant was discharged from his liability as a receiptor because the attached property passed into the possession of the bankruptcy court. Although the plaintiff recognizes the force of the statutory rule that all attachments against an insolvent person made within four months before the filing of a petition in bankruptcy "shall be deemed null and void in case he is adjudged a bankrupt" (U. S. Code, Tit, 11, c. 7, s. 107f) he challenges the soundness of the foregoing rulings upon the grounds hereinafter stated.

It is argued that the statutory rule has no application to the present case because the attachment made by the plaintiff "was immediately dissolved by the furnishing ... of a receipt," and hence there was no attachment in force when the petition in bankruptcy was filed. This argument cannot prevail because it rests upon an unsound premise. It is not the law in this jurisdiction that the giving of a receipt dissolves an attachment. The receipt merely affects the custody of the attached goods. The attachment remains in force for the protection of the attaching officer and the attaching creditor. Therefore the officer may, by virtue thereof, retake the attached property from the possession of the debtor as well as from the receiptor. *Buzzell* v. *Hardy*, 58 N. H. 331; *Rowe* v. *Page*, 54 N. H. 190, 194; *Spear* v. *Hill*, 52 N. H. 323, 327; *Whitney* v. *Farwell*, 10 N. H. 9, 12. Nor is the situation changed as between the officer, the debtor and his representatives, and the receiptor by reason of the fact that the

receiptor permits the debtor to have possession of the goods. Thus in *Buzzell* v. *Hardy, supra,* it was said: "The claim, that when the oxen and the cow passed into the plaintiff's hands after they were receipted for the attachment was dissolved, cannot be sustained. The attachment was still in force for the security of the attaching creditors, and the officer, by virtue of it, could take the property from the debtor as well as from the receiptor. As between the debtor and the officer, the attachment was subsisting. The special property acquired by the officer under his attachment remained, and he could assert it at any time, unless the rights of third parties had intervened."

It is not suggested that the debtor's common-law assignment invalidated the attachment, and it therefore seems plain that the attachment was in force at the date when the bankruptcy petition was filed less than four months after it was made. In this situation, it cannot be seriously doubted that the attachment was rendered null and void by the operation of the bankruptcy law.

This conclusion disposes of the plaintiff's argument that the bankruptcy law should be held to dissolve only "those attachments the effect of which would be to reduce the assets available to general creditors." This argument obviously assumes that the attachment gave the plaintiff some form of security entirely dissociated from the attached goods, in which the general creditors had no interest. From the foregoing discussion it is plain that this position cannot be maintained. A receiptor is not a surety or guarantor of the debt upon which suit is brought. *Fairfield* v. *Day,* 72 N. H. 160, 163; *Whittredge* v. *Maxam,* 68 N. H. 323.

The argument that the trustee in bankruptcy is the only person who can assert the nullity of an attachment under the bankruptcy law, if otherwise sound, is immaterial in this case, since by taking possession of all the attached goods which had not been disposed of by the debtor, or their proceeds, the trustee did elect to treat the attachment as dissolved.

The officer's right to maintain an action against a receiptor depends upon his right to the possession of the attached property. *Whittredge* v. *Maxam, supra.* Hence if his right to possession has been destroyed by the dissolution of the attachment, the receiptor is discharged from liability when the property has gone back into the hands of the owner or his representative. All liability of the officer being thus at an end, he cannot maintain an action against the receiptor. *Richardson* v. *Bailey,* 69 N. H. 384. Thus when an attachment has been dissolved by insolvency proceedings under

.state statutes and the attached property has gone into the possession ·of the assignee, the receiptor is relieved from his liability upon the receipt. *Whittredge* v. *Maxam, supra; Berry* v. *Flanders,* 69 N. H. .626; *Fairfield* v. *Day,* 72 N. H. 160. This result is not affected by the fact that the receipt fictitiously recites the attachment of currency and does not contain a description of the goods actually at-·tached. *Berry* v. *Flanders, supra.* The dissolution of an attachment .by bankruptcy proceedings, of course, has the same effect. *Lewis* v. *Webber,* 116 Mass. 450, 455; 6 C. J. Tit., Attachment, s. 636.

The argument that the trial court "erred in permitting the plea of .bankruptcy being invoked by one other than the bankrupt" is without merit. *Lewis* v. *Webber, supra.*

*Exception overruled.*

All concurred.