## McGovern and Fisher *versus* Hoesback.

1. A rule of court provided that in actions founded on a bond, &c., a copy of which shall be filed with or before the declaration, it shall not be necessary on the trial for the plaintiff to prove the execution, unless the defendant shall deny it by affidavit filed with his plea. Under a plea of *non est factum* not sworn to, it was *held*, the plaintiff could give the bond in evidence without proof of execution.

2. An insolvent's bond is a bond made necessary by legal proceedings, and does not require a stamp.

3. A voluntary bond unstamped is not void unless the stamp be omitted to evade the Act of Congress.

4. It is the duty of the obligor in a voluntary bond to add the stamp, and neither he nor his sureties can allege his own neglect in avoidance of the bond.

5. On the day fixed for the hearing of an insolvent, the court adjourned

[McGovern v. Hoesback.]

without making any order at all as to the case, in consequence of news of the murder of the President; at the next meeting of the court, the insolvent was discharged, the order of discharge was subsequently revoked and a rule granted him for another hearing; pending which there was a trial and a verdict against him on the bond: *Held*, that the trial was premature.

ERROR to the Court of Common Pleas of *Allegheny county*.

This was an action of debt by John Hoesback against Thomas McGovern and George Fisher.

McGovern having been arrested at the suit of Hoesback, was discharged by the order of court, upon giving bond to Hoesback in the penalty of $500, conditioned for his appearance at the next court, and presenting his petition for the benefit of the insolvent laws. McGovern having presented his petition regularly, the court appointed the 15th day of April 1865 for a hearing, due notice of which was given to the plaintiff. McGovern appeared at that time, but the court adjourned immediately, without his having an opportunity of being heard, in consequence of the news of the assassination of President Lincoln. The court was not in session again until the 26th, when McGovern again appeared, and the court made an order *nunc pro tunc*, continuing the case till that day, and, having heard the petition, discharged McGovern. Suit was brought on the bond, June 6th 1865, and on the 26th of September a rule was granted on McGovern to show cause why his discharge should not be revoked, which rule was made absolute February 1st 1866, and afterwards, on the same day, McGovern obtained a rule to show cause why he should not have another hearing on his petition: this rule is still pending.

On the trial before Mellon, P. J., the plaintiff offered the insolvent bond in evidence: it was objected to because it was not proved and had no revenue stamp; but it was admitted.

Plaintiff then offered the following record of proceedings under McGovern's application for the benefit of the insolvent law:—

" April 22d 1865. It appearing to the satisfaction of the court that the petitioner attended last Saturday, 15th inst., when the court was not in session for the transaction of business, the hearing is adjourned *nunc pro tunc* till this day. And now, to wit:

" April 22d 1865, It is hereby ordered that the said Thomas McGovern shall not at any time hereafter be liable to imprisonment, by reason of any judgment or decree obtained for the payment of money only, or for any debt, damages, costs, or sums of money, contracted, accrued or occasioned, and due before the date hereof; the case being continued until this day *nunc pro tunc*."

Also the record of the rule of September 26th 1865, to show cause why the order discharging McGovern should not be revoked; which were objected to, and admitted by the court.

The defendants' points were:—

3 P. F. SMITH—12

[McGovern *v.* Hoesback.]

1. That if the defendant McGovern and his counsel were in court on the day fixed for the hearing, and the court did not meet on that day for the transaction of business, but adjourned immediately upon entering on its minutes a resolution expressive of its sense of the calamity which had just befallen the nation in the assassination of President Lincoln, and if, at the first meeting of the court thereafter, the defendant made his appearance and received his discharge, as shown by the record in evidence, the condition of the insolvent bond was thereby substantially complied with, and the subsequent rescission of the order of discharge, after the present suit was brought, would not have the effect of making the bail liable in this suit.

2. It appearing from the record in evidence that a rule is still pending, to show cause why there should not be another day fixed for hearing the original petition for discharge, a suit on the insolvent bond is premature till that rule be disposed of.

3. That taking the whole testimony to be true, the plaintiff is not entitled to recover.

To which the court answered :—

" The 1st within proposition is answered in the negative, because, if the applicant failed to obtain his discharge on the day appointed, he was bound to surrender himself, in the absence of any order, until the court made some order in regard to him.

" The 2d and 3d propositions are also answered in the negative. There is no order of discharge on the record, and the time is past when any such order could avail to save the bond ; and the rescinded order was invalid for want of notice to the opposing creditor."

The verdict was for the plaintiff for $310.17.

The errors assigned were : admitting the evidence objected to, and the answers to the defendants' points.

*H. Burgwin,* for plaintiffs in error, cited Sheets *v.* Hawk, 14 S. & R. 173 ; Lopeman *v.* Henderson, 4 Barr 231.

*B. F. & A. G. Lucas* and *W. Linn,* for defendant in error, cited Act of Congress June 30th 1864, § 151, 2 Brightly's Dig. 269, pl. 273 ; Act of Assembly June 16th 1836, §§ 2, 4, Purd. Dig. 539, pl. 10, 12, Pamph. L. 731 ; McDonough's Case, 1 Wright 275 ; Bartholomew *v.* Bartholomew, 14 Id. 191.

The opinion of the court was delivered, November 5th 1866, by

WOODWARD, C. J.—Two objections were taken to the admission of the insolvent bond in evidence, both of which were groundless. The first, that it was not proved, was answered by the fact that a copy of it was filed with the precipe, and no sworn plea of *non est factum* was put in by the defendants. Under the rule of

[McGovern v. Hoesback.]

court this entitled the plaintiff to give the bond in evidence without proof of execution.

As to the second objection, that the bond was not stamped, it is sufficient to say that the Stamp Act exempts from duty all bonds that are made necessary in legal proceedings.

It was argued that an insolvent bond is *ex voluntate* and not *ex necessitate*, but we do not think so. Arrested upon judicial process and liable to be thrown into jail, the debtor gives the bond to avert the legal effect of the process and to secure to himself his liberty. In a very high sense, this is a necessity created by legal proceedings, and such a bond may be fairly considered as falling within the exception of the Stamp Act. But if this be not so, there is no evidence that the stamp was omitted with any design to evade the Act of Congress, and it is only instruments that are made with that intent that are void.

The sureties are no more able to avoid the bond for such a reason than the principal would be, and as it was his duty to add the stamp, if indeed any were necessary, it would not lie, either in his mouth or that of his sureties, to allege his own neglect in avoidance of his own bond.

The 3d and 4th errors assigned suggest a more substantial defence. It appears that on the 22d April 1865, McGovern, the debtor, was duly discharged under the insolvent laws. If his case had not been regularly continued to that day, it was not because he had failed to appear in court at the proper time, but because the court had adjourned without doing any business in consequence of the startling intelligence of the assassination of the President; and to give McGovern the benefit of an order made at the proper time the court entered their order of 22d April 1865, *nunc pro tunc*. Whilst the record stood in that condition this suit was brought against the sureties, on the 6th June 1865. On the 26th September following a rule was granted upon McGovern, to show cause why said order of discharge should not be revoked. On the 1st February 1866 this rule was made absolute, but immediately a rule was made upon the plaintiff to show cause why another day for hearing McGovern on his original petition should not be appointed, and this rule is still pending.

Now, in view of this state of facts, it is not necessary to decide at present whether the bond had become forfeit by McGovern's default prior to 22d April 1865, if indeed any default had occurred, nor is it necessary to consider the effect of the order *nunc pro tunc*, nor the consequences of its discharge—for, if the record did not import a legal discharge at the institution of this suit, it is manifest beyond all doubt that the whole matter of McGovern's discharge and performance of his bond is still suspended upon the rule that was granted February 1st 1866. Until that rule is

[McGovern *v.* Hoesback.]

discharged any action upon the bond is premature. Whether the suit was prematurely brought or not, it was prematurely tried.

What if we should sustain this recovery against the sureties, and McGovern should finally effect his discharge ? That discharge would import a compliance with all orders of the court, and a performance of all conditions of the bond, and yet the sureties would already have suffered as for a forfeiture of the bond. A bond performed by the principal, and yet enforced against the sureties, would be a preposterous record.

Such a record ought not to be made in a court of justice. The court ought to have stopped the trial till the last rule was disposed of. Whether a suit commenced when this was could then proceed, or whether the plaintiff would be put to a new action, are points that need not now be considered.

Sufficient for the present is the error in proceeding to judgment upon a bond that is not yet legally ascertained to be forfeit.

We think the court should have sustained the defendant's points on this subject.

We see nothing in 2d error assigned.

The judgment is reversed, and a *venire facias de novo* is awarded.