ASA E. EDMUNDS *vs.* EDWARD S. HILL.

Worcester.    Oct. 3. — 20, 1882.    ENDICOTT, LORD & C. ALLEN, JJ., absent.

In an action of replevin, if the plaintiff claims title to the property replevied under a bill of sale given to him by a third person, which is contended by the defendant to be fraudulent as against the creditors of such person, the defendant is not entitled to introduce evidence that a mortgage, given by the third person to the plaintiff more than a year after the date of the bill of sale, is also fraudulent as to creditors, no connection being shown between the two transactions.

That a person receipted for property, attached as the property of another, under a bill of sale from whom the former claimed title, will not prevent him from maintaining an action of replevin against the purchaser of the property at a sale by the attaching officer.

If a person, acting as the agent of another, buys at a sale property which has been attached as the property of a person other than the owner, and takes possession of and claims to hold it for his principal, no demand upon him by the owner is necessary before commencing an action of replevin therefor.

DEVENS, J.   This is an action of replevin.   The plaintiff claimed title to the property under a bill of sale given to him by his son, John E. Edmunds, and dated August 4, 1876, which was asserted by the defendant to be fraudulent, and intended to prevent the property from being attached by the creditors of John E.   In order to maintain this, he was permitted to show that the property remained in the possession of John E.; that the plaintiff exercised no ownership over it; that when attached as the property of John E. the plaintiff receipted for it; and that, when sold by the officer, the plaintiff made no public objection or assertion of his ownership.   Mortgages were given by John E. to the plaintiff of other personal property on March 26, 1878; and the defendant offered to show, by the cross-examination of John E. Edmunds and other evidence, that these latter mortgages were fraudulent, and intended to keep the property

covered up and concealed from creditors. This evidence was properly excluded by the presiding judge. The creditors, by virtue of the judgment in favor of whom the sale was made under which the defendant justified, did not become such until more than a year after the bill of sale in dispute was made, and no connection whatever was offered to be shown between it and the mortgages. They constituted distinct and independent transactions, in no way connected with it. Unless this connection was shown, the relations between the plaintiff and John E. Edmunds, in 1878, the then financial condition of the latter, and the purposes and motives which then induced conveyances of property from one to the other, had no legitimate bearing upon the title conveyed by the bill of sale made in 1876.

Nor did the plaintiff waive his title to the property by receipting for it. This was legally entirely consistent with an intention ultimately to assert title, should circumstances render it desirable for him so to do. The receipt was indeed a promise to deliver over the goods to the officer. Having done this, he might then bring his action of replevin, trespass or trover to test his right. Failing to do this, in an action brought against him upon the receipt, nominal damages only could be recovered if the property were shown to be his. *Johns* v. *Church,* 12 Pick. 557. *Bursley* v. *Hamilton,* 15 Pick. 40.

The defendant further contends, that, in the absence of a demand for, and a refusal of, this property, the action could not be maintained; and that the instructions to the jury were erroneous, which stated that if the defendant, acting for one Pratt (whose agent he was), bought the property at the sale from the sheriff, took possession of it and claimed to hold it for Pratt, exercising authority and dominion over it, no demand was necessary to enable the plaintiff to maintain the action. Upon the circumstances thus detailed, of which there was evidence, there was an assertion by the defendant of a right of property inconsistent with that of the plaintiff, and the exercise of dominion in regard to it which was equally so. Demand and refusal are never necessary, except as furnishing evidence of an unlawful taking or detention against the rights of the true owner, in an action of replevin, or of an unlawful conversion, in an action of trover. When the circumstances, without these, are sufficient to prove

such taking or detention, they are superfluous. As, upon the finding of the jury, the property was that of the plaintiff, the officer was but a trespasser, who could convey no title, and the possession of it by the defendant was an unlawful detention. *Gilmore* v. *Newton*, 9 Allen, 171. Upon this point the case cannot be distinguished from *Blanchard* v. *Child*, 7 Gray, 155, where there was a wrongful sale of the plaintiff's property by the bailee in denial of the plaintiff's right, participated in by the defendant, who was the purchaser, and who claimed to hold the property by a title inconsistent with and adverse to the right of the plaintiff, and it was held that no demand was necessary to enable him to maintain the action, which was replevin.

*Exceptions overruled.*

*J. L. Hunter & W. A. Williams*, for the defendant.
*A. J. Bartholomew*, for the plaintiff.