ANSEL WRIGHT *vs.* LUCIEN A. DAWSON.

Hampshire.    September 18, 1888. — October 1, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Receipt for Personalty attached — Insolvency of Judgment Debtor —*
*Discharge of Receiptor.*

If the receiptor for property attached permits it to go back into the hands of the
· debtor, who files a petition in insolvency within four months after the attach-
ment, and his assignee takes the property and applies its proceeds for the benefit
of the creditors, no action can be maintained on the receipt.

CONTRACT upon a receipt, signed by the defendant, for certain personal property attached by the plaintiff, a deputy sheriff. Trial in the Superior Court, without a jury, before *Blodgett*, J., who found the following facts.

On April 14, 1880, the plaintiff attached on a writ against one Parsons, in an action of contract, the personal property described in the receipt. On April 16, 1880, the plaintiff took from the defendant the receipt by which the defendant agreed to keep the property safely, and redeliver it on demand, or, if no demand, to redeliver it within thirty days of the rendering of judgment in the action against Parsons, so that the same might be taken on execution. The property covered by the receipt was allowed by the defendant to go back into the hands of Parsons. On August 9, 1880, Parsons filed a voluntary petition in insolvency, and was duly adjudged an insolvent, the first publication of notice being made on August 10, 1880, but was, after a hearing, refused a discharge. The property was taken by the messenger in insolvency, and by him delivered to the assignee in insolvency, who disposed of it for the benefit of creditors, the attachment not being continued under any order of court. On

April 19, 1887, judgment was recovered in the action named in the receipt against Parsons, and within thirty days thereafter execution was placed in the hands of the plaintiff for satisfaction.

Upon the above facts, the judge ruled that the action could not be maintained, and found for the defendant; and the plaintiff alleged exceptions.

*J. A. Wainwright*, for the plaintiff.

*D. W. Bond*, for the defendant.

MORTON, C. J.   This is an action upon a receipt given by the defendant to the plaintiff, who, as a deputy sheriff, had attached certain personal property owned by one Parsons on a writ against him.   By the receipt, the defendant undertakes to keep the property safely, and to redeliver it to the plaintiff on demand, and, if no demand, to redeliver it within thirty days of the rendering of judgment in the suit against Parsons, so that the same may be taken on execution.

It is settled that under such a receipt the receiptor is not under an absolute liability to redeliver the property; but it may be stated as a general rule, that he is entitled to prove as an excuse for not delivering it, and as a defence to an action upon the receipt, any state of facts which shows that the officer is not under any liability either to apply the property to the debt of the attaching creditor, or to return it to the debtor or other owner.   Thus, he may show as a defence that the property has been taken from him by the real owner by virtue of a paramount title.   *Learned* v. *Bryant*, 13 Mass. 224.   *Denny* v. *Willard*, 11 Pick. 519.   Or that it was exempt from attachment, and has been given up to the debtor.   *Thayer* v. *Hunt*, 2 Allen, 449. Or that the attachment was dissolved by the insolvency of the debtor.   *Sprague* v. *Wheatland*, 3 Met. 416.   *Grant* v. *Lyman*, 4 Met. 470.   *Andrews* v. *Southwick*, 13 Met. 535.   *Butterfield* v. *Converse*, 10 Cush. 317.   *Shumway* v. *Carpenter*, 13 Allen, 68. *Lewis* v. *Webber*, 116 Mass. 450.   These cases proceed upon the ground that the liability of the receiptor is of a peculiar character; he is a mere bailee of the officer, who can enforce the promise of his bailor to deliver the goods only so far as is necessary to relieve himself from liability to any party interested in the attachment.

Applying these principles to the case at bar, it is clear that the plaintiff cannot maintain his action. He is not liable over to any person for the property. He is not liable to the debtor, for the property has been applied to his use in the payment of his debts; nor to the assignee in insolvency, because he has received the property and disposed of. it for the benefit of the creditors of the judgment debtor. He is not liable to the attaching creditor, because he had no right to take the property and apply it to his own debt, thus gaining a preference over the other creditors of the debtor. The debtor filed his petition in insolvency within four months after the attachment; the effect of this was to dissolve the attachment, if any existed, and take away the right of the creditor to have this property applied to his debt.

The plaintiff contends that, as the receiptor allowed the property to go back into the hands of the debtor before the insolvency proceedings, the attachment was thereby dissolved, so that the insolvency proceedings did not operate upon it. It is not necessary to decide whether this act of the receiptor operated to discharge the attachment for all purposes, because upon the facts of this case it is immaterial. The ground upon which an officer is liable is, that he has been negligent in keeping the property, and that the attaching creditor has thereby sustained injury. *Grant* v. *Lyman*, 4 Met. 470. But if we assume that the act of the receiptor discharged the attachment before the insolvency, yet the creditor was not in any way injured by such act. Whether the attachment was discharged or not, the property lawfully belonged to the assignee, and he has received it and rightfully applied it to the benefit of the general creditors of the debtor. The attaching creditor has sustained no injury by the act of the receiptor, and cannot, by a suit in the name of the officer, hold him liable.

It follows that the Superior Court rightly ruled that, upon the facts proved, this action could not be maintained.

*Exceptions overruled.*