ANSEL WRIGHT vs. NATHAN MORLEY.

Hampshire.    September 17, 1889. — January 3, 1890.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Receipt for Personalty attached — Insolvency of Judgment Debtor —
Discharge of Receiptor — Levy.*

A receiptor, bound to keep the goods safely and redeliver them to the attaching officer on demand, otherwise within thirty days from the rendering of judgment in the action for taking on execution, delivered them to the debtor, who, after using them in whole or in part in his business, went into insolvency. Judgment was rendered against the debtor in the action two days, and execution issued thereon one day, before the first publication of notice, and the attaching officer minuted on the execution the time he received it, but made no demand on the receiptor, and did nothing further. *Held,* that the officer acquired no lien on or right to the goods, and could maintain no action upon the receipt.

CONTRACT upon two receipts, signed by the defendant, for certain personal property attached by the plaintiff, a deputy sheriff, in an action against Frank A. Morley. The case was tried in the Superior Court, without a jury, before *Mason,* J., who found for the defendant, and allowed a bill of exceptions, which appear in the opinion.

*W. G. Bassett,* for the plaintiff.

*J. A. Wainwright,* for the defendant.

MORTON, C. J. By the receipts upon which this suit is brought the defendant bound himself to keep the attached property safely, and to redeliver it to the plaintiff upon demand, or, if no demand was made, to redeliver it within thirty days from the rendering of judgments in the actions in which the attachments were made, so that it might be taken on execution.

The character and effect of such a receipt were considered in the recent case of *Wright* v. *Dawson,* 147 Mass. 384. In that case the judgment debtor was adjudged insolvent before the judgment was rendered, and the property attached, having been delivered to the debtor by the receiptor, went into the hands of his assignee for the benefit of creditors. It is there stated as a general rule deduced from the authorities, that, under such

a receipt, the receiptor is not under an absolute liability to re-deliver the property, but may prove as an excuse for not deliver-ing it, or as a defence to an action upon the receipt, any state of facts which shows that the officer is not under any liability to apply the property to the debt of the attaching creditor, or to return it to the debtor or other owner.

In the case at bar, the judgments were rendered two days, and the executions issued one day, before the first publication of notice of the insolvency of the judgment debtor, and the prop-erty attached was used wholly or in part by him in his business before the insolvency, it having been put into his hands by the receiptor.    The plaintiff made a memorandum upon each of the executions of the time he received it, but made no demand on the receiptor, and did nothing further.    We think that these points of difference do not take the case out of the principle of *Wright* v. *Dawson.*

The plaintiff was never under any liability to return the attached property to the debtor or to the assignee.    If he had made a demand for the property before the insolvency proceed-ings, it would have been the duty of the receiptor to deliver it at once, and of the plaintiff to apply it to the debt of the attach-ing creditors by a levy of the executions, and the right of the creditors acquired by a levy would not have been defeated by the insolvency.    In such case, the defendant, if he refused to de-liver the property, might be liable under his receipts.    But the plaintiff made no demand, and there was therefore no default or breach of contract on the part of the defendant until the ex-piration of thirty days from the rendering of judgment.    When it became his duty, according to the tenor of his contracts, to re-deliver the property, insolvency proceedings were pending, and the plaintiff had no right to apply the goods to the benefit of the creditors, thus giving them a preference.    The attachments were dissolved, so that the creditors had no lien on the property, and the officer could not then lawfully levy their executions upon it. If the defendant had delivered the property to the plaintiff, it would have been of no benefit to him or to the attaching credi-tors.    It could not be taken to satisfy their executions.    As the officer could not legally apply the property to relieve him-self from liability to any one, the receiptor is not liable for

not producing it. *Wright* v. *Dawson*, 147 Mass. 384, and cases cited.

The plaintiff contends that the delivery of the executions to the officer, and his making a memorandum of the time of such delivery, were sufficient to change the rights of the parties and fix the liability of the defendant. But the officer could acquire no new lien on the property, or right to apply it in satisfaction of the executions, except by a valid levy. *Andrews* v. *Southwick*, 13 Met. 535. To constitute a levy on personal property, he must take possession of the property, or be in such a position that he can exercise control and dominion over it. The plaintiff could not make a valid levy, which would give him any lien upon or right to the property, by merely minuting on the executions the time they were delivered to him.

Upon the facts of this case, the Superior Court rightly held that the plaintiff was not entitled to recover.

*Exceptions overruled.*