CHARLES H. ROBINSON & others *vs.* J. H. BESARICK.

Suffolk. November 17, 1891. — March 29, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Receipt for Personalty attached — Replevin.*

An action of replevin can be maintained against a receiptor who becomes a bailee of an officer for attached goods, and who makes himself accountable by contract for the return of them.

REPLEVIN of a desk. At the hearing in the Superior Court, before *Barker,* J., there was evidence tending to show that the plaintiffs sold the desk to one Gilman on a written conditional lease dated June 3, 1889, the title to remain in the plaintiffs until the desk was paid for by instalments; that on November 23, 1889, after the desk had been less than half paid for, it was attached by a constable on a writ in favor of one Way against Gilman, which writ was duly returned into court, and judgment for the plaintiffs rendered thereon; that, when the attachment was made, the desk was in a building where it had been delivered by the plaintiffs to Gilman; and from which it was removed by the constable to a public warehouse of the defendant, and, the defendant being absent, the constable deputized the defendant's employee, who was present, as his keeper, and received from him a warehouseman's receipt for the desk; and that the plaintiffs demanded the desk from a servant of the defendant in charge of the warehouse, who refused, under the defendant's instructions, to deliver the same, and thereafter the property was taken from the warehouse on the writ of replevin, and the attachment remained in full force.

The defendant requested the court to rule that the action could not be maintained, but the court refused so to rule, and found for the plaintiffs; and the defendant alleged exceptions.

The case was argued at the bar in November, 1891, and afterwards was submitted on the briefs to all the judges.

*R. Lund,* for the defendant.

*W. A. Morse,* for the plaintiffs.

KNOWLTON, J.   The bill of exceptions does not very clearly show the relation of the defendant to the desk replevied.   He was a warehouseman, and the attaching officer removed the desk to his warehouse for safe keeping, "and the defendant not being personally at the warehouse, the constable deputized the defendant's employee, who was present, as his keeper, and received from said person a warehouseman's receipt for the desk."   We understand that the receipt was given in the defendant's name. The defendant afterwards exercised dominion over the desk by instructing his servant, who was in charge of the warehouse in his absence, not to deliver it.

The only exception taken was to the refusal of the court to rule that the action could not be maintained.   The court might well have found, on the evidence, that the defendant assumed control of the desk, and made himself accountable to the officer for the return of it on demand, and that his employee was not a servant or keeper of the officer.

This brings us to the question whether an action of replevin can be maintained against a receiptor who becomes a bailee of an officer for attached goods, and makes himself accountable by contract for the return of them.   There can be no doubt that the possession of such a bailee is sufficient to enable the true owner of the goods to proceed against him in replevin, unless the fact that the goods have been attached, and that the attachment has not been dissolved, prevents the maintenance of the action.   The objection, that at the common law goods in the custody of the law cannot be replevied, is removed by our statute, which permits replevin of attached goods.   Pub. Sts. c. 184, §§ 10, 15, 24.   Under this statute a suit to replevy such goods may be maintained against any proper party.   The suit may be brought against the officer, if he is in actual possession; but it is nowhere said that it must be brought against him if he has delivered the possession to a bailee, who holds under his title, so that he has merely a constructive possession.   There are several sections in our statutes which relate to proceedings in replevin against officers for goods attached, some of which are applicable only when the suit is against the officer personally; and from them it is argued that there is an implication in the statute that, so long as the attachment continues, an action cannot be maintained

against one to whom he has delivered the goods in bailment. But such an implication should not be read·into the statute unless it clearly follows from the express provisions of the law.

It is to be remembered that an officer who attaches goods on a writ against one who is not the owner of them is a trespasser. Replevin may be maintained by the owner without a demand against one who takes title by purchase from the officer. *Edmunds* v. *Hill*, 133 Mass. 445. On general principles, the owner can pursue his property and take it wherever he can find it. He can maintain trover against a receiptor from the officer who refuses to deliver it up on demand. He should have all the processes of the law to obtain it, wherever it may be , for he cannot be affected by legal proceedings to which he is a stranger. If he finds his goods in the possession of a public warehouseman, or of any other receiptor, he ordinarily has no means of knowing from whom they were received. As an owner whose title to his property is perfect, he should not be deprived of the usual remedy for the recovery of it from the person in whose possession he finds it. If a suit against the receiptor renders inapplicable some of the provisions of the statute where the suit is against the officer, it results from the officer's allowing the property to go into the possession of a bailee, and the substitution of the bailee's contract for the property itself. The contract is presumably sufficient protection for the officer, and by taking it he enables the receiptor in every case, if the debtor desires it, to dissolve the attachment, and so dispose of the property that it cannot be taken on another attachment. Attached property which is turned over to a receiptor, who until demand may do with it what he will, subject only to his liability under the receipt, is in the custody of the law, but at the same time it is so far in the possession and control of the receiptor that the owner may treat him as the person then detaining it. The officer's title under the attachment follows it into the hands of the receiptor, who, for his own protection, may continue to hold under that title if he desires. But the representative of the law, the attaching officer, gives up his possession to the bailee, and he has only a constructive possession afterwards until the property is returned to him under the contract.

There are some early cases in this Commonwealth in which

the court, in speaking of keepers and receiptors of attached property, fails to notice the distinction between one who is appointed a keeper, and thereby becomes a mere custodian and servant of the attaching officer, and one who takes the property into his possession and gives a receipt for it, in which he contracts to keep it safely, and to return it on demand or at a stated time, whereby he becomes personally responsible for it as a bailee. See *Ludden* v. *Leavitt*, 9 Mass. 104; *Perley* v. *Foster*, 9 Mass. 112; *Warren* v. *Leland*, 9 Mass. 265, *Bond* v. *Padelford*, 13 Mass. 394; *Commonwealth* v. *Morse*, 14 Mass. 217. But it is now well established, both in this Commonwealth and elsewhere, that such a receiptor is a bailee who has a possession, and it follows that he may maintain trespass, trover, or replevin against a wrongdoer. *Grant* v. *Lyman*, 4 Met. 470. *Butterfield* v. *Converse*, 10 Cush. 317. *Rowland* v. *Cooper*, 16 Gray, 53. *Thayer* v. *Hunt*, 2 Allen, 449. *Shumway* v. *Carpenter*, 13 Allen, 68. *Lewis* v. *Webber*, 116 Mass. 450. *Edmunds* v. *Hill*, 133 Mass. 445. *Wright* v. *Dawson*, 147 Mass. 384. *Wright* v. *Morley*, 150 Mass. 513. *Poole* v. *Symonds*, 1 N. H. 289. *Thayer* v. *Hutchinson*, 13 Vt. 504. The earlier cases in New York which hold otherwise are overruled in *Miller* v. *Adsit*, 16 Wend. 335, in which it is expressly decided that a receiptor of attached property may maintain replevin for it; and the same doctrine is laid down in *Peters* v. *Stewart*, 45 Conn. 103.

One who gives an accountable receipt takes the property into his charge, and has an interest in it because of his contract to be responsible for it. If he chooses to retain the property in his possession he holds it protected by the attachment against all subsequent encumbrances, and if he returns it directly to the officer the attachment will not have been dissolved. But he is all the time a bailee under his contract. If he delivers the property to the debtor, or disposes of it in any other way, the natural remedy of the officer is upon the contract, and if it is wrongfully taken from him by a third person, or if, through his own negligence, he is in danger of losing it, he has an interest in it which will enable him to maintain an action for it. Otherwise, if the officer saw fit to rely solely on his contract, the receiptor might be compelled to make good the loss of the property, and be remediless against a wrongdoer who had deprived him of it.

In *Learned* v. *Bryant*, 13 Mass. 224, the precise point now under consideration is covered by a statement in the opinion that an owner of attached property may take it from the receiptor on a writ of replevin against him.　　　　　*Exceptions overruled.*