CHARLES H. ROBINSON & another *vs.* FANNIE D. WAY, executrix.

Suffolk.    January 23, 1895. — March 1, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Trover — Demand — Waiver — Action.*

A. delivered a desk to B. under an agreement for purchase on the instalment plan, by which A. had the immediate right of possession on B.'s failure to make the specified payments. B. failed to make these payments. C. attached the desk in a suit against B., and told the officer to put the desk "where they would not know where it was." C. had also said that A. had been trying to get a desk, but he had got it put away where A. could not find it. *Held,* that, upon these facts, A. could maintain an action for the conversion of the desk by C. without proof of a demand.

If A. delivers property to B. under an agreement for purchase on the instalment plan, by which A. has the immediate right of possession on B.'s failure to make the specified payments, and the property is attached and taken from B.'s possession by C. in a suit against B., who thereupon declines to make any payments until the property is returned to him, and A. then replevies and returns the property to him, this does not show a waiver of A.'s right of possession for non-payment by B.

It is not necessary, in order to maintain an action of trover, that the defendant should have it in his power, at the time the action is brought, to give up property which he previously has converted to his own use.

HOLMES, J.    This is an action for the conversion of a desk. The plaintiffs had delivered it to one Gilman, under an agreement for purchase on the instalment plan, by which, as usual, the plaintiffs had an immediate right of possession on Gilman's failure to make the specified payments. Gilman had failed to make these payments. The defendant's testator, Mr. John M.

Way, attached the desk in a suit against Gilman, and told the officer to put the desk where they would not know where it was. It also appeared that he said that the plaintiffs had been trying to get a desk, but he had got it put away where they could not find it. The foregoing facts make out a plain case for the plaintiffs without the need of a demand. *Hubbard* v. *Lyman,* 8 Allen, 520. *Baker* v. *Lothrop,* 155 Mass. 376, 378. *Robinson* v. *Besarick,* 156 Mass. 141, 143.

The defendant relies upon testimony that the desk had been taken from Gilman's possession before under Mr. Way's attachment, that Gilman thereupon declined to make any payments until the desk was returned to him, and that the plaintiffs replevied and returned the desk to him. But this testimony, if believed, did not show a waiver of the plaintiffs' right of possession for non-payment. It showed simply a restoration of the *status quo ante,* when disturbed by a third person. It had no reference of any kind to the rights of the plaintiffs as against Gilman.

The only request for a ruling needing special mention is the fourth. This was " that no recovery can be had in this action against the defendant unless it shall appear that before a demand and refusal the defendant actually converted said property, or that the defendant at the time this suit was brought had it in his power to give up the property." The request was copied from one in *Johnson* v. *Couillard,* 4 Allen, 446, except that the words " at the time this suit was brought " are substituted for " at the time of the demand and refusal." The substitution makes nonsense of the request. If the " or " be taken to mean an alternative, there is no such relation between the two members of the hypothesis. If, as is necessary to give a semblance of meaning to the word, " or " is to be read as " and," it is not necessary that a defendant should have it in his power at the time a suit is brought to give up property which he previously has converted to his own use. The bill of exceptions gives us no reason to suppose that the judge denied or failed to instruct the jury that the plaintiff must prove a conversion, or that he failed to explain to them what it was and how it might be established.                *Exceptions overruled.*

*J. W. Keith,* for the defendant.

*W. A. Morse,* for the plaintiffs.