Hillsborough, ⸃
 June, 1899. ⸅

### BERRY *v.* FLANDERS *& a.*

Where an officer releases property attached, takes the receipt of a third person for a certain quantity of United States coin, and returns an attachment of the same, the receiptor is estopped from denying that there was an attachment in fact.

Under P. S., *c.* 201, *s.* 26, a receiptor for property nominally attached on mesne process is discharged from his obligation by the defendant's assignment in insolvency within three months of the attachment.

TROVER, by a deputy sheriff against receiptors. Facts agreed. July 21, 1897, the plaintiff attached the stock in trade of A. Higgins & Co., upon a writ in favor of a resident of Massachusetts. July 23, the defendants gave the plaintiff a receipt setting forth that they had received for safe-keeping three hundred United States silver dollars of the value of $300, attached by him as the property of Higgins & Co. in the action aforesaid, and that they agreed to deliver the same to the plaintiff or order upon demand, free from expense. The attachment of the stock in trade was released in consideration of the giving of the receipt, and, instead thereof, the plaintiff returned upon the writ, under date of July 23, an attachment of three hundred United States silver dollars. The defendants did not receive from the

plaintiff or Higgins & Co. any silver dollars or other property. The attaching creditor recovered judgment, and due demand was made upon the defendants for the coins mentioned in the receipt. Insolvency proceedings were begun against Higgins & Co. within three months after the date of the attachment.

*Osgood & Osgood* and *Taggart & Bingham*, for the plaintiff.

*George W. Prescott* and *John B. Cavanaugh*, for the defendants.

CHASE, J. The attachment of the silver dollars was nominal, but, as against the plaintiff, the defendants are estopped from denying that there was an attachment in fact. *Morrison* v. *Blodgett*, 8 N. H. 238; *Bruce* v. *Pettengill*, 12 N. H. 341, 344; *Hill* v. *Wiggin*, 31 N. H. 292, 302, 303. The defendants, by their contract, did not agree to pay the judgment that might be rendered in the action in which the attachment was made, but simply to deliver the property attached to the plaintiff on demand, free of expense. As such contracts have been uniformly construed, this agreement was not absolute. A good title to the property in the receiptors, or a delivery of it to one having a better title than the debtors, or a delivery to the debtors themselves in case the creditor did not recover judgment against them or in case the property was exempt from attachment, would excuse the defendants from delivering it to the plaintiff. The plaintiff's right to maintain the action therefore depends upon his right to the possession of the property. If he has no right to the possession,— if the attachment has been dissolved and the property is in the possession of the person entitled to it,— the plaintiff cannot recover damages of the defendants upon their agreement. *Whittredge* v. *Maxam*, 68 N. H. 323.

It is argued in behalf of the plaintiff that the statute dissolving attachments when the debtor is in insolvency (P. S., c. 201, s. 26) does not apply in this case, because the attachment, being nominal and taking the place of an actual attachment of property which was returned to the debtors, did not diminish the property available to creditors in the insolvency proceedings. The statute reads: "The proceedings in insolvency shall dissolve all attachments of the debtor's property made within three months before the beginning thereof, and all payments, pledges, mortgages, conveyances, sales, and transfers made within that time, the effect of which, if held valid, would be to diminish the property available to the creditors,— the person to whom made having reasonable cause to believe the debtor insolvent,— or which were not made in the ordinary course of business, and for an adequate consideration, or which were made to satisfy or secure a previously existing debt, and all pledges, payments, mortgages, sales,

and transfers, whenever made, if fraudulent as to creditors, shall be void." This language is unambiguous, so far, at least, as it applies to the question under consideration. The first provision is complete in itself. Nothing that follows it modifies its meaning. The proceedings shall dissolve all attachments made within the prescribed time. The clause, " the effect of which, if held valid, would be to diminish the property available to the creditors," evidently relates to payments, pledges, etc., and does not reach back to the attachments mentioned in the preceding independent provision.

The attachment being nominal, there was nothing to return to the debtors or their assignee upon its dissolution. The plaintiff is not liable to any one by reason of it, and therefore is not entitled to recover of the defendants in this action.

A like conclusion has been reached in Massachusetts upon consideration of similar statutory provisions. *Butterfield* v. *Converse*, 10 Cush. 317; *Shumway* v. *Carpenter*, 13 Allen 68; *Wright* v. *Morley*, 150 Mass. 513.

*Judgment for the defendants.*

All concurred.