## McFARLAND v. SCHULER, Sheriff.

1. Where an attachment is levied on property which does not belong to the judgment debtor; the judgment creditor sustains no loss by reason of the refusal of the sheriff to sell such property under an execution, and hence has no right of action against him for damages.

2. Where no injustice has resulted from the allowance of a leading question, judgment will not be reversed.

3. The refusal of the court to require certain facts offered to be proved to be reduced to writing before being stated *held* not error; it not being shown whether such offer was made in the presence of the jury or not, and it appearing that the official stenographer took it down.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Sanborn county. Hon. FRANK B. SMITH, Judge.

Action by William McFarland against William Schuler to recover the value of certain personal property on which an attachment was levied, and which defendant, as sheriff, refused to sell under an execution. From a judgment in favor of defendant, and an order denying a new trial, plaintiff appeals. Affirmed.

*N. J. Dunham,* for appellant.

*S. A. Ramsey* and *J. E. Whiting,* for respondent.

That the property is owned by another person than the judgment debtor, is a complete defense to the sheriff in an action for not levying an attachment. Swenson v. Christoferson, 10 S. D., 188, 72 N. W. 459; Crooker v. Melick (Neb.), 24 N. W., 691.

FULLER, J. This action, to recover the value of certain personal property upon which an attachment was levied, and which the defendant sheriff failed and refused to sell under an execution, was tried to a jury; and plaintiff appeals from a judgment in favor of defendant, and from an order overruling a motion for a new trial.

Though controverted in every material particular, the evidence submitted to the jury under proper instructions sufficiently establishes the following state of facts: At the suit of appellant against John L. and E. P. Thornton, respondent sheriff attached certain personal property in possession of Bidwell L. Thornton, who at the time claimed to be owner thereof. Agreeable to the suggestion of appellant, this property was left in the hands of Bidwell L. Thornton, who receipted to the sheriff therefor; and after the action had been prosecuted to judgment an execution issued, which respondent refused to receive and act upon, for the reason that the property to which it related was not that of the judgment debtors. The standard measure of damages being the value of property belonging to the judgment debtors, and available as a source of revenue to be applied in satisfaction of the judgment, the ownership of such property was certainly an essential subject of inquiry; and appellant has suffered no injury if neither John L. nor E. P. Thornton had an interest therein at a time material to this

action. Swenson v. Christoferson, 10 S. D. 188, 72 N. W. 459; Crooker v. Melick (Neb.) 24 N. W. 689. Upon the question of ownership the testimony of the witnesses for the respective parties is directly at variance, and in such condition that we cannot disturb the finding by the jury that Bidwell L. Thornton was at the time of the attachment, and continuously thereafter, the absolute owner of all the property in dispute, and for several months had been in actual possession of the same. Manifestly, then, appellant has sustained no loss by reason of the sheriff's refusal to levy upon the property of a stranger.

Bidwell L. Thornton, after detailing the circumstances under which he became owner of the property, in consideration of two years labor performed for his father, one of the judgment debtors, was asked on redirect examination the following question, which was objected to as leading: "Had you made any agreement with your father that you were to have this property?" The general rule governing all but the cross-examination is that questions framed to suggest the answer should not be asked, but ordinarily their allowance is at the discretion of the trial court; and when, as in this instance, no injustice has resulted, the point will not justify a reversal. Whart, Cr. Ev. (9th Ed.) p. 454; Underh. Ev. p. 487; 1 Greenl. Ev. p. 434.

During the trial, counsel for respondent made an offer to prove by the witness on the stand certain facts. Although the offer was denied, the refusal of the court to require such facts to be reduced to writing before being stated is assigned as error. Whether the offer was made in the presence and hearing of the jury is not shown, but it does appear to have been taken down by the official stenographer, and in any event the

point is wholly without merrit.   From a regardful examination of all points presented in appellant's brief,  the remainder of which is deemed unnecessary to discuss, we are convinced that no error is shown, and the judgment appealed from is affirmed.