Thomson, J.
The complaint alleged that the plaintiff, Maggie J. Davis, *295 to whom a certificate of fen shares of the capital stock of the defendant, the Salida Building and Loan Association, had been issued by the proper officers of the defendant, indorsed the certificate in blank and delivered it to the defendant to enable the defendant to sell it for her and deliver it to the purchaser; that she made all payments upon the stock required by the defendant’s rules; but that the defendant, without her knowledge, canceled the certificate and converted its value and all payments made upon it to the defendant’s own use. She prayed judgment for the value of the stock. The defendant answered that the stock certificate, after being assigned in blank by the plaintiff, was deposited with it as collateral security for a note of her husband, H. C. Davis, held by the defendant, with an agreement that if default should be made in the payment of the note, the stock certificate' should be canceled, and its value applied upon the indebtedness; that the note was not paid at its maturity, and the certificate was canceled, and its value, which was less than the amount due, applied upon the note. The answer was denied by a replication.
After the evidence was heard, the court required the jury to find specially upon certain questions of fact. The evidence, in so far as it affected the material questions in .the case, was in direct conflict, and the'findings of the jury sustained the plaintiff. They found that she did not leave the certificate with the defendant as collateral security for the payment of her husband’s note. By consent of counsel, a general verdict was waived, and outside of the jury’s answer to the questions submitted, the findings were made b}' the court. One of these findings was that the defendant wrongfully and fraudulently canceled the certificate, and converted the stock to its own use. We do not deem it necessary to notice the other findings of the jury and the court. No question is presented which requires a reference to them.
As is well understood, where there is a disagreement among witnesses, the findings of the jury or the court upon the facts, are accepted by us as final. There was abundant evidence *296 to warrant the finding of the jury that the plaintiff did not deliver the stock to the defendant as collateral security for the payment of a debt of her husband, and there was abundant evidence to warrant the finding of the court that the defendant wrongfully converted the stock to its own use; so that unless there is some reason, outside of the facts, for a reversal, the judgment must be affirmed.
In the argument counsel for the appellant advances these propositions : First, that the complaint is insufficient to sustain the judgment; second, that a motion by it for a new trial was erroneously denied; and, third, that the judgment was not warranted by the evidence. We have already disposed of the last. The evidence was ample. We are unable to discover any fatal weakness in the complaint. It charges the wrongful conversion by the defendant of the property of the plaintiff. Her purchase of the stock, its issuance to her, its delivery to'the defendant, and every other matter necessary to entitle her to a recovery are sufficiently alleged, except, perhaps, a demand upon the defendant for the stock, and a refusal to deliver it. For the purposes of an action for unlawful conversion, demand and refusal are never necessary, except to furnish evidence of the conversion; and when, without these, the circumstances are sufficient to prove the conversion, they are superfluous. Edmunds v. Hill, 133 Mass. 445. As the defendant acquired possession of the stock lawfully, an allegation of a demand and refusal was, perhaps, necessary to make the complaint good. But the insufficiency was supplied by the answer. That pleading admitted the issuance to the plaintiff of the stock certificate, its assignment in blank by the plaintiff, its delivery to the defendant, and its cancellation and the appropriation of its value by the defendant. The defendant justified its act by the assertion that the certificate was held by it as collateral security, and that it merely resorted to the certificate for the payment of the debt. But the jury found that the assertion was not true; and, stripped of the fictitious excuse, the act admitted by the answer was, in itself, an act of unlawful conversion. No de *297 mand was necessary to make it so. It is too late now to say that the complaint is defective, because of its failure to allege demand and refusal.
The only ground of the motion for a new trial which requires any notice, or which is the subject of argument, was surprise. In his cross-examination of the plaintiff, counsel for the defendant brought out the statement that she paid off and took up the note for which, as the answer alleged, the stock was deposited as securitju Her testimony that she paid the amouut due on her husband’s. note, and received it from the defendant, is what counsel says occasioned the surprise. But Mr. Davis, the husband of the plaintiff, who was subsequently called as a witness in the case, was cross-examined by the same attorney, and the latter was very careful to elicit from him the same statement the plaintiff had made. Counsel so framed his questions ’ that if the statement was true, the witness was hound to say so. And he did say so clearly and unequivocally. Whether counsel was surprised by the testimony of the plaintiff or not, that of Mr. Davis certainly occasioned him no surprise, for he deliberately and intentionally invited it. As he purposely corroborated the evidence of which he complains, his attitude of surprise is not very impressive, and we are disposed to regard his showing as a failure. But, aside from this, we see no good reason for his surprise. The pleadings were verified. The answer alleged that the stock was deposited as security for the note, and that the value of the stock was applied upon the note, but was insufficient for its payment. This was denied. It is easy to see how, under the issues, questions might arise which the production of the note would materially aid in settling. It was to be anticipated that the note would be the subject of testimony, and common prudence would seem to require that the defendant should have had the note in court, or been prepared to account for its absence. The plaintiff’s testimony was competent and pertinent; if it was true, the allegation of the answer was false, and the exhibition of the note by the defendant would have effectually disposed of the plaintiff’s statement that she took it up.' A *298 surprise resulting from the negligence of the surprised party is not the kind of surprise which the Code names as one of the grounds for a new trial.
A careful examination of the record as the defendant has presented it to us by its printed abstract, discloses no satisfactory reason for a reversal of the judgment, and it is, therefore, affirmed.

Affirmed.