## PLUNKETT, *Sheriff,* v. HANSCHKA.

1. Where plaintiff, on taking a chattel mortgage securing twelve notes, placed a United States revenue stamp on each note, but none on the chattel mortgage, without intent to defraud the revenue, but with the belief that the stamps on the notes, were sufficient, the mortgage was valid and binding upon the parties in a state court.

2. Comp. Laws, § 4389, provides that, when mortgaged personalty is levied on before the property is taken, the officer must pay or tender the amount of the mortgage debt, or deposit the amount with the county treasurer to the order of the mortgagee. An execution was levied on certain mortgaged property in possession of the mortgagee. The judgment creditor and the sheriff had full knowlededge of the existence of the mortgage. No tender was made of the amount due, and no deposit was made with the county treasurer. *Held,* that the mortgagee was not estopped to claim such property, to the extent of his mortgage lien, by delivering to the sheriff a receipt for the property, conditioned that on default in redelivery he would pay the amount of the execution.

(Opinion filed May 4, 1901.)

Appeal from circuit court, Lawrence county, HON. JOSEPH B. MOORE, Judge.

Action by Matt Plunkett, sheriff of Lawrence county, against Edward Hanschka. Judgment for plaintiff, and defendant appeals. Reversed.

*John R. Russell* and *Edwin Van Cise,* for appellant.

No appearance for respondent.

CORSON, J. This is an action by the plaintiff, as sheriff of Lawrence county, to recover of the defendant the value of certain personal property, consisting of horses, wagons, harness, etc., which it is alleged the defendant converted to his own use. Judgment for the plaintiff, and the defendant appeals.

The action was tried by the court and it filed findings of fact, and stated its conclusions of law thereon. The appeal being from the judgment, the only question presented is as to whether the judgment is supported by the findings in the case. These findings may be briefly summarized as follows: In March, 1899, the plaintiff, as sheriff of said Lawrence county, by virtue of an execution issued in an action in which Patrick H. Smith was plaintiff and William E. Bates was defendant, levied upon the personal property described in the complaint as the property of said Bates, which was then in the possession of the defendant; and thereupon the defendant delivered to the sheriff a receipt for the said property, conditioned that, on default in redelivering the same to said sheriff, he would pay to him the amount of the execution, costs and interest on the same. At the time the defendant executed the said receipt, and before the levy of the execution, the sheriff and the attorney for said Smith had actual notice of the existence of a chattel mortgage wherein and whereby the said Bates had mortgaged the said property to the defendant, Hanschka, to secure the payment of about $1,200, upon which there remained due and unpaid the sum of $700, with interest; and, after the levy by the said plaintiff, notice was served upon the sheriff, claiming the property under the said chattel mortgage. Defendant, Hanschka, was given permission by said Bates to sell said property and account to him (Bates) for any balance remaining after the amount due Hanschka was paid. At the time of the execution of the receipt hereinbefore mentioned, by the defendant, Hanschka, to the sheriff, the sheriff and his deputy, as well as the attorney for the judgment creditor, Smith, had actual notice of Hanschka's claim of lien under his chattel mortgage, and that he had no intention to release or relinquish the same by the giving of the receipt. Hanschka had previously sold the property in controversy to said

Bates, and the mortgage was given for the purchase price agreed upon, to-wit, $1,200, which was evidenced by twelve promissory notes, for $100 each, payable monthly, with interest. The notes each bore a United States revenue stamp, but no such stamp whatever was attached to the chattel mortgage at the time of filing the same or thereafter. The failure to stamp the mortgage was for the reason that all parties—mortgagor, mortgagee, and the scrivener who prepared the instrument—believed it was not necessary to affix a revenue stamp thereto, in view of the fact that the notes were stamped; and the court finds that there was no intention on the part of either to defraud the revenue, or in any manner violate the revenue law of the United States. The sheriff has never paid or offered to pay Hanschka's mortgage, or any part thereof. From these facts the court concludes, as matter of law, that the chattel mortgage was omitted to be stamped through a misunderstanding of the requirements of the revenue law, and wholly without intent to avoid any provision of the same, and that such mortgage was and is valid, and a proper subject for record, and all parties are charged with notice thereof. The court further concludes that the plaintiff was entitled to the possession of the property described in the complaint and findings, at the time of the demand therefor; that the defendant, converted the same to his own use, to the damage of said plaintiff in the sum of $158.50; and that the plaintiff is entitled to judgment therefor, together with interest thereon. Judgment was thereupon entered, in accordance with such last conclusion of law.

The first conclusion of law—that the chattel mortgage was valid and binding upon the parties in the state courts, notwithstanding the omission of the United States revenue stamp thereon—was undoubtedly correct, and is sustained by the authorities. Dowell v. Applegate, (C. C.) 7 Fed. 881 *Id.,* 8 Fed 698; Campbell v. Wil-

cox, 10 Wall. 421, 19 L. Ed. 973; McGovern v. Hoesback, 53 Pa. 179; Green v. Holway, 101 Mass. 243; Craig v. Dimock, 47 Ill. 308; Express Co. v. Haines, 48 Ill. 248; Bunker v. Green, *Id.,* 243; Knox v. Rossi (Nev.), 57 Pac. 179. The only question presented, therefore, is, was it competent for the defendant to show, as a defense to the plaintiff's action, that he held the property as mortgagee, and that the amount due him upon his mortgage had not been paid or tendered by the sheriff, notwithstanding the receipt given by him to the sheriff? The fact that the sheriff and the attorney for the plaintiff in the action in which the judgment was rendered and the execution issued had notice of the claim of the defendant, Hanschka, at the time he executed the receipt, is fully set out in the answer, and found by the court. The court's second conclusion of law is evidently based upon the theory that as the defendant, Hanschka, had receipted for the property, and promised to deliver the same to the sheriff upon demand, and in default thereof to pay the amount of the execution, with costs and interest, he was estopped from showing that he claimed said property under and by virtue of his chattel mortgage. But that doctrine only applies where a party has failed to give notice that he claims the property, and thus induced the officer to neglect to proceed against other property of the execution debtor, and is therefore liable to the execution creditor. But in the case at bar the court finds that the officer had notice that Hanschka claimed the property under his chattel mortgage, and that the chattel mortgage was valid and binding upon the parties; hence the officer was not liable over to the execution creditor for failure to realize upon the property receipted for, and it is clearly shown that the officer had no right to levy upon the property without complying with the provisions of Section 4389, Comp. Laws, which reads as fol-

lows: "Before the property is so taken, the officer must pay or tender to the mortgagee the amount of the mortgage debt and interest, or must deposit the amount thereof with the county treasurer, payable to the order of the mortgagee." While the authorities are not in entire harmony upon this question, in cases like the one before us it seems to be held by the great weight of authority that the receiptor may, when sued by the officer, show that he is the real owner or has a right to the possession of the property as against the officer, in an action for conversion. This rule was adopted to prevent a multiplicity of actions. To require the party to surrender the property to the officer, and then permit him to immediately recover the property back from the officer in an action in claim and delivery, or its value in trover, for its conversion, would be to encourage unnecessary litigation. The mortgage being a valid and subsisting security for the balance due from Bates to Hanschka, and no tender having been made of the amount due upon the mortgage, the officer was not authorized to levy upon the property; and the officer and the execution creditor, through his attorney, having notice of all the facts at the time he made the levy, such creditor could not recover of the officer by reason of his failure to apply the property to the payment of his debt, and, that being so, the officer has no valid claim against Hanschka. McFarland v. Schuler, 12 S. D. 83, 80 N. W. 161.

In the case of Perry v. Williams, 39 Wis. 339, the supreme court of Wisconsin held that the receiptor of property seized on process is not liable to the officer for nondelivery of the property unless the officer is liable to some one for his failure to hold or sell the property on his process, and this doctrine is applicable where such property belongs to the receiptor. In the opinion, the court, in speaking of prior decisions of the court of that state, says: "The principle of

law upon which these cases were decided is that although the receipt-or agrees, in terms, to deliver the property seized to the officer, yet the obligation to do so is not absolute in all cases and under all cir-cumstances.    The officer can enforce the agreement to deliver the property, or recover damages for a breach of it, only when that is necessary to enable him to answer his obligations to some party having an interest in such seizure.    If the officer is not liable to any-one because of his failure to hold or sell the property on his process, the receiptor is not liable to the officer for nondelivery thereof to him. This principal has been applied in many cases where the goods seized and receipted for were not the property of the debtor, but of a stranger, and the receiptor has delivered them to the real owner. Judge STORY, in his work on Bailments, states the rule and its ap-plication to such cases as follows : 'If the officer has wrongfully attached the goods of a third person as the property of the debtor, and has bailed them ,the bailee may, by a delivery of them to the true owner, protect himself ; for by such redelivery the officer will be discharged from any liability.for the goods to the creditor and debt-or and the real owner.'    *    *    *    We think the same doctrine is applicable where the goods receipted for belong to the receiptor.    If, in the present case, the property for which the receipt was given be-longs to the defendant, the creditor has no right of action against the officer for failing to sell the same on the execution.    Should the creditor sue the officer for neglecting to satisfy the execution out of such property, the latter can defeat the action by showing that the property did not belong to the debtor."    In Adams v. Fox, 17 Vt. 364, the supreme court of Vermont, speaking by Mr. Justice RED-FIELD, says : "The question is whether the officer is answerable over to anyone ; and, if not, the defense is received, to prevent cir-cuity of action."    The learned judge further says : "And I can con-

ceive that, if the officer had been induced to forego further attachment, which he might else have made, in consequence of the receiptor's silence, he might thus, in equity and justice, make himself liable for the full value of the property.　But nothing of that kind exists in the present case.　The claim of the receipt man was seasonably asserted;　the officer has not been decoyed or deceived;　he is answerable over to no one;　and, to refuse this defense is to give to this class of contracts a force and validity which they have not hitherto had.　\*　\*　\*　And, as I have said, if the defendant had made no claim to the property at the time of the attachment, that might present a case where he would be estopped by his silence from asserting a claim to it, or showing any such fact in defense of a suit upon the receipt.　But, in the absence of all fraud, I apprehend that such defenses are always allowed in analogous cases.　The person who submits to the atachment is supposed to act under a species of duress, because he cannot resist it."　Lewis v. Webber, 116 Mass. 450;　Bleven v. Freer, 10 Cal. 172;　Jones v. Gilbert, 13 Conn. 507;　Morse v. Hurd, 17 N. H. 246;　Heath v. Keyes, 35 Wis. 668;　Connaughton v. Sands, 32 Wis. 387;　Main　v.　Bell, 27　Wis.　517;　Wright v. Dawson, 147 Mass. 384, 18 N. E. 1;　Same v. Morley, 150 Mass. 513, 23 N. E. 232.

We are of the opinion, therefore, that the court was clearly in error in its second conclusion of law, and that the conclusion should have been in favor of the defendant.　As the facts seem to have been fully found in this case, we deem it proper to reverse the judgment of the court below, and instruct that court to modify its conclusions of law in accordance with the views herein expressed, and enter a judgment in favor of the defendant dismissing the action.