## DANIEL L. MITCHELL *vs.* BENJAMIN GOOCH.

*Attachment—what will dissolve.    Receiptor—liability of—how terminated.*

The plaintiff, as an officer, having on July 13th attached a debtor's personal property, took from the present defendant an alternative receipt to pay a certain sum or re-deliver the goods attached on demand, whereupon the goods went back into the debtor's possession. On Sept. 2d, the debtor filed his petition in bankruptcy, and on the succeeding 27th was adjudged a bankrupt. In an action on the receipt in the name of the officer for the benefit of the assignee' of the debtor, *Held*, (1) That the attachment was dissolved by the taking of the receipt; and (2) That the officer's liability being thereby discharged, the receiptor's liability also ceased.

ON FACTS AGREED in the superior court for this county.

ASSUMPSIT.

On July 13, 1869, two harnesses and a wagon were attached by the plaintiff, a deputy-sheriff in and for this county, on a writ in favor of Enoch Martin and another, against one Little, as the property of Little, and, on the same day, this defendant, in order to relieve the property from attachment, gave this plaintiff a receipt, dated the same day, therein promising, *inter alia*, ' to pay the plaintiff, or his order, one hundred and twenty-five dollars on demand, or to redeliver the harnesses and wagon to the plaintiff or his successor in office, on demand,' etc.

On the 25th day of September, 1869, Little filed his petition in the U. S. district court for this district, praying to be adjudged a, bankrupt under the provisions of the U. S. bankrupt act of 1867, which prayer was duly granted on the following 27th.

On the 11th day of October following, Charles P. Mattocks, who prosecutes this action in the name of the attaching officer, was appointed assignee of said Little, bankrupt, and an assignment of all the property of Little duly made to him. On the 5th day of April, 1870, the plaintiff, by direction of said assignee, made a demand on the defendant for the delivery of the goods; and the defendant refused to deliver them.

The present action was commenced Dec. 14, 1870, and entered at the succeeding January term; and the action of *Martin* v. *Little* was pending when this action was commenced.

The court to render legal judgment upon the facts.

*Charles P. Mattocks & Edward Fox, jr.*, for the plaintiff.

There are four undeniable propositions, perhaps axioms, in the law of attachment upon which this case must be determined.

First, the liability of the receiptor is determined by the liability of the officer to whom he receipts. *Sawyer* v. *Mason*, 19 Maine, 49; *Plaisted* v. *Horr*, 45 Maine, 380.

Second, upon the dissolution of the attachment the officer's liability to the plaintiff ceases. *Sprague* v. *Wheatland*, 3 Met. 416.

Third, although the officer's liability to the plaintiff ceases, he is still liable to the debtor and his legal representatives. *Cooper* v. *Mowry*, 16 Mass. 8.

Fourth, the messenger or the assignee in bankruptcy is the proper legal representative of the debtor, and where the attachment is dissolved, it is his duty to take possession of the attached property, whether in the possession of the officer or the receiptor. U. S. bankrupt act, § 14; *Penniman* v. *Freeman*, 3 Gray, 245; *Andrews* v. *Southwick*, 13 Met. 535.

An application of these principles to the present case is easy. The attachment of Little's property was made July 13, 1869.

The receipt was given the same day. All facts recited in the receipt are *prima facie* true. In this case the defendant introduced no evidence to disprove any one of them. It must be taken, therefore, as absolutely true, that there was a valid attachment. *Lyman* v. *Lyman,* 11 Mass. 317.

That the property attached was the property of Little. *Burt* v. *Perkins,* 9 Gray, 317.

That the real value of the goods is the value mentioned in the receipt. *Smith* v. *Mitchell,* 31 Maine, 287.

That the property after attachment was delivered to the receiptor, and was kept by him in accordance with his agreement ' safely to keep ' down to the time of the demand upon him by the officer. *Spencer* v. *Williams,* 2 Verm. 209 ; *Allen* v. *Butler,* 9 Verm. 122.

Little petitioned in bankruptcy Sept. 25, 1869, and was adjudicated a bankrupt the 27th. Charles P. Mattocks was afterwards appointed his assignee and a transfer to him of all the property and estate of the bankrupt duly effected in accordance with the provision of § 14 of the U. S. bankrupt act, whereby the attachment of Martin & Waterhouse, not being four months old at the time of the commencement of proceedings in bankruptcy, was dissolved.

Immediately upon the dissolution of this attachment the sheriff's liability to Martin & Waterhouse ceased. With the liability of the sheriff ceased the liability of the receiptor likewise. The reasoning that because the attachment is in one sense dissolved by the giving of the receipt, as in *Waterman* v. *Treat,* 49 Maine, 309, therefore the dissolution of the attachment accomplished by force of the bankrupt act works no further change upon the respective rights and liabilities of the parties, is fallacious. The giving of the receipt dissolves the attachment only as regards third parties, *bona fide* purchasers, or creditors making second attachment. *Perry* v. *Somerby,* 57 Maine, 557.

Between the first attaching creditor, the debtor, and the receiptor, the attachment remains in force until dissolved by law, and the liability of the receiptor to the attaching creditor depends upon the existence of the attachment, and ceases with the dissolution of the

same. *Sprague* v. *Wheatland, ubi supra ; Butterfield* v. *Converse,* 10 Cush. 317; *Ives* v. *Sturges,* 12 Met. 462 ; *Perry* v. *Somerby, ubi supra.*

The attachment being gone, the sheriff is bound to deliver to the true owner, or his representative, on demand. It is partly to guard himself in this respect that the sheriff inserts in his receipts an agreement on the part of the receiptor to redeliver on demand. In this case the assignee called upon the sheriff for the property, the sheriff called upon the receiptor. The receiptor, for some unknown reason, has refused to redeliver it, and his liability is fixed at the amount mentioned in the receipt, $125, with interest from the date of demand, April 5, 1870.

*H. P. Deane & B. D. Verrill,* for the defendant.

APPLETON, C. J. This is an action on an officer's receipt for property attached.

The attachment was made July 13, 1869, in a suit, *Enoch Martin* v. *Charles J. Little.* On Sept. 25, 1869, Little filed his petition to be adjudged a bankrupt, and on 27th of the same September he was so adjudged.

The attachment not having been made four months previous to the proceedings in bankruptcy is dissolved. As the attachment was dissolved by operation of law, the officer's liability to the creditor, at whose suit the attachment was made, is at an end.

The receipt bears the same date as the attachment. It was given to relieve the property from attachment. It is in the alternative, to pay a certain specified sum or deliver the goods attached. The attachment, upon giving this alternative receipt, was dissolved. *Waterman* v. *Treat,* 49 Maine, 309. Being dissolved, the debtor held the property attached divested of all lien. He might sell it, or it might be attached as his property. The control of it at once passed to him, and it nowhere appears that he has parted with such control.

Upon the dissolution of the attachment, as it is admitted that the goods attached went into the possession of the debtor, the officer

does not require their possession for the purpose of returning them to him, for he has them.  Nor does he need them to return to his assignee in bankruptcy, for he must look to the bankrupt who has the goods, and not to the officer who has them not.

In *Perry* v. *Somerby*, 57 Maine, 552, the attachment was made more than four months before the petition in bankruptcy of the defendant in the suit in which the attachment was.  The officer, consequently, was liable to the attaching creditor, and the receiptor to the officer.  The receipt given was not in the alternative as in the one under consideration, and the receiptor was there properly held liable as the bailee of the sheriff.  The case, therefore, does not apply.

The liability of the receiptor is limited to and determined by that of the officer.  As the officer is not liable to either plaintiff or defendant in the suit on which the attachment was made, neither is the receiptor, and a nonsuit must be entered.  *Plaisted* v. *Horr*, 45 Maine, 380 ; *Sawyer* v. *Mason*, 19 Maine, 49 ; *Butterfield* v. *Converse*, 10 Cush. 317 ; *Shumway* v. *Carpenter*, 13 Allen, 68.

*Plaintiff nonsuit.*

KENT, WALTON, DANFORTH, and TAPLEY, JJ., concurred.