## HEALEY *v*. HUTCHINSON.

The valuation put upon personal property attached, in a receipt given therefor to the officer making the attachment, is conclusive against the receiptor.

A receiptor is not holden for property taken by a paramount title after the receipt.

TROVER, for certain articles of personal property taken by the plaintiff, sheriff of the county, on a writ against one McGregor,

and receipted for by the defendant, in the usual form, at a valuation of $150. The actual value of all the property was in fact only $35. A portion of the property, of the value of $23.50, was afterwards, and before the demand upon the receiptor, taken by one Young on a mortgage which existed in his favor at the time of the attachment. All the property mentioned in the receipt was duly demanded by the plaintiff before the commencement of the suit. The question, what amount of damages the plaintiff should recover, was reserved for the opinion of the court.

*Sulloway & Topliff*, for the plaintiff.

*Wm. Little* and *Burnham & Brown*, for the defendant.

CLARK, J. By the contract of bailment the defendant promised to deliver the property, valued at $150, to the plaintiff on demand. The object of inserting a valuation in the receipt being to fix the extent of the receiptor's liability, it is held to be conclusive as an agreed valuation, and the measure of damages in case of a breach of the contract. *Drown* v. *Smith*, 3 N. H. 299; *Remick* v. *Atkinson*, 11 N. H. 256; *Scott* v. *Whittemore*, 27 N. H. 309; *Cross* v. *Brown*, 41 N. H. 283; *Wakefield* v. *Stedman*, 12 Pick. 562. By failing to deliver the property when demanded, the defendant's liability became fixed at $150, unless he shows a sufficient excuse for not delivering it. It is a defence to an action on a receipt that the plaintiff has no claim to the goods, and that they have gone into the possession of the owner. *Webster* v. *Harper*, 7 N. H. 594; *Spear* v. *Hill*, 52 N. H. 323; *Stone* v. *Sleeper*, 59 N. H. 205. If part of the goods have been surrendered to a paramount title, it is a defence *pro tanto*. *Haynes* v. *Tenney*, 45 N. H. 183.

A portion of the goods receipted for was subject to a mortgage at the time of the attachment, and was taken from the possession of the defendant by the mortgagee before the demand. This was a sufficient excuse for not delivering those goods. The question is raised as to the damages for not delivering the balance. There would be no difficulty in determining this question if the goods remaining were worth $150 (*Spear* v. *Hill*, 52 N. H. 323), or if the agreed valuation had been the actual value of the property, or a separate valuation had been put upon each article. But it appears that the actual value of the whole property embraced in the receipt, and valued at $150, was only $35. The value of the goods taken upon the mortgage was $23.50, and the plaintiff contends that this sum should be deducted from the valuation stated in the receipt, and that he should have judgment for $126.50 with interest from the date of the demand. The defendant insists that he is chargeable only for the actual value of the balance of the goods not taken on the mortgage.

The valuation stated in the receipt being conclusive upon the defendant, he cannot show, for any purpose, that the actual value of the goods receipted for was less than the amount fixed by the receipt, and the evidence upon which the value was found to be $35 was inadmissible. As the value of the whole must be taken to be $150, the amount for which the defendant is chargeable is found by deducting from that sum the value of the goods taken on the mortgage. The plaintiff is entitled to judgment for $126.50 with interest from the time of the demand.

This rule works no injustice to the receiptor. When property attached and receipted for is allowed to go back into the possession of the debtor, the receipt is understood to be security to the extent of the valuation stated in it. The receiptor is responsible for the return of the property when demanded, or its agreed valuation. The delivery of the property in good condition when called for discharges the receiptor's liability. If it is taken by a superior title, he is not chargeable for it. If a part is taken by a paramount title, the receiptor is discharged upon delivery of the balance. If, without excuse, he fails to return the property when called for, he is chargeable for its value as stated in the receipt.

*Judgment for the plaintiff accordingly.*

BLODGETT, J., did not sit: the others concurred.