Merrimack, }
June, 1895. }

## WHITTREDGE *v.* MAXAM.

The defendant's insolvency within three months after the attachment and
the delivery of the property receipted for to his assignee, is an answer to
a suit by the sheriff upon a receipt for the attached property.

ASSUMPSIT.    The facts are stated in the opinion.

*Sargent & Hollis,* for the plaintiff.

*Napoleon B. Hale* and *Leach & Stevens,* for the defendant.

*Albin & Martin* and *De Witt C. Howe,* for Lewis B. Hoyt.

PARSONS, J.    Upon the writ in this suit the sheriff made an
attachment of personal property.    One Hoyt receipted therefor
at the request of a third person who claimed to own the property
attached, and to whom Hoyt, the receiptor, delivered it.    The
officer made a demand upon the receiptor which was refused.
The date of the receipt and demand is not stated, but it is as-
sumed that both were on the day of the attachment.    The suit
was duly entered in court, but within three months from the
date of the attachment the defendant filed a petition in insol-
vency, and has been discharged by the probate court.    The plain-
tiff is a resident of this state, but has not proved his claim in
insolvency.    When the assignment was made the property at-
tached and receipted for was turned over to the assignee, who
sold it.    The insolvency and discharge of the defendant is sug-
gested, and the defendant moves to dismiss the action.    The
plaintiff claims the right to prosecute the action to judgment
and hold the receiptor upon the receipt given for the property,
but concedes that the discharge, if pleaded, is an answer to the
action so far as a personal judgment against the defendant is
concerned.    *Batchelder* v. *Batchelder,* 66 N. H. 31; P. S., *c.* 201,
*s.* 36.    But although the plaintiff cannot have a personal judg-
ment against the defendant, he would be entitled, in case he has
a valid existing property attachment, to a judgment *in rem*
against the property legally held for the satisfaction of his debt.
*Batchelder* v. *Putnam,* 54 N. H. 84; *Lamprey* v. *Leavitt,* 20 N. H.
544, 546; *Kittredge* v. *Warren,* 14 N. H. 509, 537; *Ives* v. *Sturgis,*
12 Met. 462, 464.    But in the present case it is also conceded
that, by force of the assignment, the attachment made less than
three months before was dissolved.    P. S., *c.* 201, *s.* 26.    The

creditor's right to apply a portion of the debtor's property secured by the attachment to the payment of his debt, to the exclusion of the claims of other creditors, was defeated and ended by the assignment before the plaintiff's attachment matured by lapse of time. The security the creditor obtained by his attachment was merely a provisional one, liable to be defeated by an assignment within the statutory period. The plaintiff, therefore, is, upon his own admissions, entitled neither to a personal judgment against the defendant, nor to a judgment *in rem* against the property attached. Therefore, as between the parties to this suit, the motion to dismiss should be granted, unless the plaintiff insists that the discharge be formally pleaded.

The claim of the plaintiff is that he is entitled to a judgment in order to enable him to prosecute a supposed remedy against the receiptor. The receiptor is not a party to this action. He will not be bound as to his liability upon the receipt by any conclusions to which we might come in that respect in this case; but since, if the claim of the plaintiff is well founded that he has a remedy against the receiptor, which would be lost if the present action were dismissed, justice would require some order to preserve those rights, while if the conclusion is that the plaintiff has no remedy against the receiptor there is no occasion for any judgment except that of dismissal, we have considered that question.

The contract of the receiptor is a special one. He in no sense becomes a surety or guarantor for the original debt or liable to the creditor therefor. The contract of the receiptor is that he has received for safe-keeping certain attached property which he agrees to deliver upon demand. In defence to a suit upon the receipt, the receiptor may show that the property has gone to a person having a better title. *Clement* v. *Little*, 42 N. H. 563, 570; *Hill* v. *Wiggin*, 31 N. H. 292, 302; *Scott* v. *Whittemore*, 27 N. H. 309, 321; *Webster* v. *Harper*, 7 N. H. 594, 596; *Healey* v. *Hutchinson*, 66 N. H. 316. He is not estopped by the receipt to claim the goods as his own property. *Morse* v. *Hurd*, 17 N. H. 246, 250; *Barron* v. *Cobleigh*, 11 N. H. 557; *Robinson* v. *Mansfield*, 13 Pick. 139; *Tucker* v. *Adams*, 63 N. H. 361. He is not responsible for loss or injury to the property without fault on his part. *Cross* v. *Brown*, 41 N. H. 283. That the property was exempt from attachment is a defence if the officer is not liable to the debtor. *Stone* v. *Sleeper*, 59 N. H. 205. The officer's right to maintain an action upon the receipt depends, therefore, upon his right to the possession of the property. If he has no right to apply the property on the plaintiff's execution because it is exempt from attachment, because it is the property of the receiptor or another, or because the attachment has been dissolved or never existed, the action cannot be maintained against the re-

ceiptor unless the sheriff is liable to the debtor or some third person.   *Webster* v. *Harper*, 7 N. H. 594, 597.   By the assignment, all the debtor's property rights vested in the assignee.   So far as the attachment was an interference with or diminution of the defendant's property right in the specific property attached, against the assignee, it was void.   Since the attachment the property has been surrendered to the assignee, and is held by a title paramount to that of the officer under the attachment. But it is claimed that even if this were so, in case the demand had not been made, the making of the demand fixed the liability of the receiptor.   But the plaintiff can be in no better position, the officer can have no better title to the property, because the receiptor did not deliver the goods, than he would have had if they had been delivered.   If they had been returned to the sheriff when demanded, upon the assignment they must have passed to the assignee.   The officer could not set up a dissolved attachment against the claim of the assignee.   Nor would the plaintiff be in any better position if the officer could now recover of the receiptor the value of the goods upon the receipt; the only ground for such recovery being the officer's liability to the assignee or some third person, the proceeds of the suit could not, without violation of law, be applied to the exclusive satisfaction of the plaintiff's debt, but must be applied by the assignee to the payment of the debts of all the insolvent's creditors, or paid over by the sheriff to the owner.

Our conclusion is that the insolvency proceedings having dissolved the plaintiff's attachment, and the attached property having gone into the possession of the assignee, the receiptor is relieved from liability upon the receipt.   The same conclusion is reached in Massachusetts and in Maine.   *Wright* v. *Dawson*, 147 Mass. 384; *Mitchell* v. *Gooch*, 60 Me. 110, 113.

*Case discharged.*

All concurred.