Hillsborough, }
　June, 1899. }

## STARR *v.* ESTEY.

The administrator of an insolvent debtor is entitled, as representative of the creditors, to property of the intestate attached as that of a partnership of which the debtor represented himself to be a member, but which had no existence in fact.

In such case, the fraudulent representation of the debtor, although constituting an estoppel as against his heirs, is not binding upon the administrator as the representative of the creditors.

A receiptor cannot be held for property taken by a paramount title after the receipt.

TROVER, by a deputy sheriff against his receiptor. Facts found by the court. The original suit was brought January 26, 1897, against Charles E. and Victor E. Koehler, surviving partners of the late firm of Carl E. Koehler & Sons, in favor of Volkmann, Stollwerck & Co., and was entered in court at the May term, 1897. It was discontinued as against Charles E., and April 1, 1898, judgment was rendered for the plaintiffs against "Victor E. Koehler, surviving partner, ex'on to issue v. partnership assets."

In July, 1897, an administrator was appointed on Carl's estate, which proved to be insolvent and was settled as such. The goods receipted for by the defendant were taken by the administrator, who claimed a paramount title thereto.

Carl had no partner in business, and the goods in question were a part of his estate. For some time prior to Carl's death, and with his knowledge and approval, Victor, his son, had represented that his father and he were partners, and were conducting the business as such. The plaintiffs in the original suit believed these representations, and, upon this belief, sold the goods which were the basis of that suit. No objections to the claim being proved against the estate of Carl were ever made.

If upon the foregoing facts the plaintiff is entitled to recover, he is to have judgment for $100 with costs; otherwise, there is to be judgment for the defendant for his costs.

*Drury & Hurd*, for the plaintiff.

*Isaac L. Heath*, for the defendant.

BLODGETT, C. J. Conceding that, upon the facts appearing in the case, Carl, if alive, would be estopped to deny that the property attached in the original suit was partnership property, and that the estoppel extended to his heirs, we are nevertheless of

the opinion that it did not bind his administrator. The fallacy in the plaintiff's contention to the contrary is in the assumption that in respect of an estoppel the administrator stands in his intestate's shoes. For some purposes this is so. Doubtless, as is said in *Fletcher* v. *Grover*, 11 N. H. 368, 375, "neither the administrators nor the creditors of deceased persons are entitled to derive greater or other benefits from their contracts, or the equitable relations which they mây have held while living with other persons, than the deceased would be entitled to if still living"; and, doubtless, it is also true, that the right of an administrator of a person who has conveyed his property in fraud of his creditors to recover it back is limited to that of his intestate when the estate is solvent. But when, as here, the estate is insolvent, his right is not so limited. "An administrator of an insolvent estate is emphatically the representative of the creditors." *Parker*, C. J., in *Abbott* v. *Tenney*, 18 N. H. 109, 112. It is his duty to take possession of all the estate, to the exclusion of the heirs, and apply it to the payment of the debts. And if his intestate has made a fraudulent transfer or conveyance of any portion of his property, the administrator, as the representative of the creditors, may recover so much of it as may be required for their payment. *Abbott* v. *Tenney, supra,* 112, 113, 114; *Cross* v. *Brown,* 51 N. H. 486, 489, 490.

We think the same principle is applicable to the estoppel set up by the plaintiff. Through his authorized agent, the intestate made a false and fraudulent representation that the goods in question were partnership property, when in fact, and as he well knew, they were his property alone. It is entirely clear that the representation did not bind his creditors. As to them, the property continued to stand liable for the payment of their claims, as if the representation had never been made. These claims the administrator was bound to pay if he might obtain the means of payment; and, the property being required for that purpose, his right to it thereupon ceased to be limited to those of the intestate, and he became entitled to its possession in virtue of the rights of the creditors, as their representative.

It follows that the paramount right to the property attached in the original suit, and for which the defendant is sought to be charged as receiptor, being in the administrator, the defence now interposed must be sustained. *Scott* v. *Whittemore*, 27 N. H. 309, 313, 321; *Healey* v. *Hutchinson*, 66 N. H. 316, 318.

*Judgment for the defendant.*

PIKE and PEASLEE, JJ., did not sit: the others concurred.