Merrimack, }
May 5, 1903. }

### FAIRFIELD *v.* DAY.

When the court is informed of the pendency of a petition for the settlement of an estate in the insolvent course, a suit brought against the deceased should be continued to await a decision upon the petition ; and if judgment is rendered in the action, its enforcement should be stayed.

If in such case an execution be issued through oversight of the facts as to the petition, further proceedings may be stayed by injunction, upon the ground of accident or mistake.

The liability of a receiptor for goods attached and subsequently returned to the defendant is terminated by a decree that the estate of the latter be settled in the insolvent course.

ASSUMPSIT. The action was entered at the October term, 1898. Real estate and personal property were attached upon the writ. One Ellinwood gave the sheriff a receipt for the personal property, and it was returned to the defendant. The defendant died May 7, 1900. The executrix of his will appeared to defend the action, July 25. Judgment was recovered November 9, 1901, and, by virtue of the execution issued thereon, a levy was commenced December 9, on Day's right in equity to redeem certain real estate from mortgages, which real estate Day conveyed to his wife (now the executrix) after the plaintiff's attachment. An action brought on the same day by the sheriff against Ellinwood upon the receipt is still pending.

The executrix petitioned the probate court, June 9, 1900, that the estate be administered as insolvent. The petition was denied November 30 ; but upon appeal by the executrix it was granted by the superior court, April 23, 1902. The plaintiff opposed the granting of the petition in both courts. The words, " Defendant dead ; estate administered as insolvent," were entered upon the docket at the April term, 1900. The latter words, " estate administered as insolvent," were stricken off at the October term, 1901, upon the request of the plaintiff's counsel, who informed the court that the petition for insolvency administration was pending, but had not been granted.

The executrix filed a motion, December 9, 1901,—subsequently to the commencement of the levy and the action against the receiptor,—to have the execution recalled and cancelled. After a hearing, the court ordered that the plaintiff be enjoined from proceeding with his levy upon the estate of Day and from proceeding with his action against the receiptor, except to complete service of the writ and enter it in court, until the determination of

the petition relating to insolvency. Upon a hearing, June 11, 1902,—the plaintiff claiming that the real estate levied upon was conveyed by the defendant after the attachment,—it was ordered that the temporary injunction be dissolved, and that the plaintiff be perpetually enjoined from levying his execution upon "any property of the estate of Alonzo Day." November 10, the plaintiff moved that the following be added to this order: "It is not intended that this injunction shall affect the right of the plaintiff to levy his execution upon property conveyed by the defendant in his lifetime to third persons while subject to attachment upon the plaintiff's writ, nor that it shall affect the rights of either party in the suit of *Burke* [sheriff] v. *Ellinwood*." A hearing was had upon this motion, November 24, and the action was brought forward, the request for a modification of the perpetual injunction was denied, and the plaintiff was allowed an exception to the granting of the injunction, as if taken at the time. No change in the circumstances existing June 11, 1902, was shown, and no case of accident, mistake, or misfortune was made out, except the fact that the plaintiff then understood that the judge issuing the permanent injunction did not intend it should apply to the Ellinwood suit and the levy already begun. The defendant excepted to the allowance of the plaintiff's exception.

*Matthews & Sawyer*, for the plaintiff.

*Brown, Jones & Warren*, for the defendant.

CHASE, J. "No action shall be begun against an administrator after the estate is decreed to be administered as insolvent; and no action against the deceased or his administrator pending in court when such decree is made shall be further prosecuted therein, unless by leave of the court in which it is pending. If an action is thus prosecuted and judgment is rendered for the plaintiff, the judgment shall be certified to the judge of probate, and the amount thereof shall be added to the list of claims." P. S., c. 191, s. 7. "Attachments are dissolved by the death of the defendant, in case his estate is decreed to be administered as an insolvent estate, but not otherwise, if the cause of action survives." P. S., c. 220, s. 35. In view of these provisions and of the fact that the docket of the court showed that the defendant was dead and that a petition to have the estate settled as insolvent was pending, of which the court was informed, it is difficult to account for the issue of the execution except by attributing it to accident or mistake. The ordinary course to be pursued in such case would be to continue the action to await the determina-

tion of the insolvency petition, or if judgment was rendered in favor of the plaintiff, to stay its enforcement. Had this course been taken, the plaintiff's attachments, excepting perhaps the attachment upon the equity which Day conveyed to his wife, would have been dissolved when the decree of insolvency was made, and no execution would have been issued unless it was to make the attachment of such equity available. Immediately after the plaintiff took steps to enforce his execution, the court, upon the defendant's motion, stayed further proceedings upon it with slight exceptions until the determination of the insolvency petition. So far as the changed circumstances would permit, the court did what would have been done in another form before the issue of an execution, if attention had been called to the matter. It cannot be doubted that the court had authority to make the order, if it was found that the execution was issued through accident or mistake and without fault on the part of the defendant. *Warner Bank* v. *Clement*, 58 N. H. 533; *Clough* v. *Moore*, 63 N. H. 111. It must be presumed that sufficient facts were found to warrant the making of the order. As has been previously intimated, there was abundant evidence to sustain a finding that the execution was issued through accident or mistake and without the defendant's fault.

Subsequently, while the temporary injunction was in force, it was decreed that the estate be administered as insolvent. The question then came up, what course should be taken with the execution? At the hearing upon this question, the plaintiff claimed, among other things, that he should be allowed to complete his levy upon the equity of redemption which he had attached and which Day had conveyed to his wife. The result of the hearing was that the temporary injunction was dissolved, and the plaintiff was perpetually enjoined from levying his execution upon "any property of the estate of Alonzo Day." The plaintiff was not satisfied with the order, and moved that an addition be made to it, stating that the intention was, not to include within its prohibition a completion of the levy upon the real estate attached and subsequently conveyed by the debtor, nor to affect the rights of either party to the action against the receiptor. After hearing the parties, the court declined to make the amendment. The court may have thought that the order was sufficiently explicit in regard to the completion of the levy upon the real estate attached and conveyed by Day,—that real estate so conveyed would not naturally come within the description "any property of the estate of Alonzo Day." The briefs and oral arguments of the counsel show that the defendant, as well as the plaintiff, so interprets the order. But the denial of the motion,

so far as it relates to the effect of the order upon the action against the receiptor, cannot be accounted for so readily on the theory that it was understood not to have any effect. By the receipt, the signer acknowledged the receipt from the sheriff of personal property attached by him in an action in favor of the plaintiff against Day, and promised to return it to the sheriff on demand. The property attached was returned to Day after the receipt was given, but this fact did not make the receiptor a surety or guarantor for the plaintiff's debt. He would not be liable upon the receipt if Day owned the property and no judgment was recovered against him, or if the attachment was dissolved in any way. *Whittredge* v. *Maxam*, 68 N. H. 323. The property described in the receipt was supposed to be "property of the estate of Alonzo Day." If the use of the execution were not limited, and the receiptor had not returned the property to Day, he would be at liberty to return it to the sheriff on demand, and then the sheriff's duty would be to levy upon it as the "property of the estate of Alonzo Day." If the court intended that this property should not be regarded as property of Day's estate, within the meaning of the injunction, the probabilities are very strong that the plaintiff's motion in relation to that matter would have been granted. No reason has been suggested or is perceived for denying the motion, if the plaintiff's theory is correct. But, aside from this consideration, justice required that the plaintiff should be placed in the position with relation to the receiptor that he would have occupied if the accident or mistake of issuing the execution had not been made. The evidence is almost, if not quite, conclusive that this is what the court attempted to do. The injunction, by rendering the attachment perpetually unavailable, practically dissolved it, as the statute would have done under ordinary circumstances. As the property for which the receipt was given went back into Day's possession so that the sheriff is not responsible to the estate therefor, the sheriff's action against the receiptor must fail.

Assuming that the plaintiff's exception to the granting of the injunction is properly before the court, it must be overruled. This renders it unnecessary to consider the defendant's exception.

*Plaintiff's exception overruled.*

BINGHAM, J., did not sit: the others concurred.