Coös, }
June 24, 1911. }

## DREW *v.* KING & a.

A receiptor for attached personalty is discharged of liability by delivering the identical property on demand, in as good condition as when he received it, although its value is less than that stated in the receipt.

TROVER, for a Reo touring car taken by the plaintiff, who is sheriff of the county, on a writ against Alfred Lauziere, and receipted for by the defendants on August 7, 1908. Trial by the court. Transferred from the December term, 1910, of the superior court by *Pike*, J., on the plaintiff's exception to an order of nonsuit.

The material part of the receipt signed by the defendants is as follows: "Received of Holman A. Drew, sheriff, for safe keeping, . . . one Reo touring car, all of the value of one thousand dollars, and which I agree to deliver to him or any other proper officer on demand, in good order and condition as the same are now in, free of all expense or charge for keeping; hereby waiving demand upon this receipt (within thirty days after judgment), as is by law prescribed."

February 26, 1910, the plaintiff demanded of the defendants "one Reo touring car of the value of one thousand dollars." The defendants were ready and willing to deliver the identical car for which they receipted, but the plaintiff declined to receive it as it was not worth one thousand dollars. At the date of the demand the car was in the same condition as when received from the plaintiff, but was worth only $177.50. The plaintiff claimed that the defendants, having described the car in the receipt as of the value of one thousand dollars, were obliged to deliver to him a car of that value; and that if the car receipted for was worth less than a thousand dollars, its delivery in as good condition as when received from the sheriff was not a fulfilment of their agreement.

*Herbert I. Goss* (by brief and orally), for the plaintiff.

*Rich & Marble* and *Sullivan & Daley*, for the defendants.

BINGHAM, J. By the express terms of the contract of bailment, the defendants agreed that they had received for safe keeping a Reo touring car of the value of one thousand dollars, and that they

would return the same to the plaintiff upon demand, in as good condition as the same was then in.   The case discloses no facts from which it could be concluded that they failed to comply with the terms of the contract.   On the contrary, it appears that when the property was demanded they offered to return the car in as good condition as when received, and that the plaintiff declined to accept it.   This was a compliance with, and not a breach of, the contract.   Had they failed to comply with the demand, without legal excuse, they would have rendered themselves liable for the agreed value of the car, but in this they were not wanting.   *Whittredge* v. *Maxam*, 68 N. H. 323, 324;   *Healey* v. *Hutchinson*, 66 N. H. 316, 318;   *Scott* v. *Whittemore*, 27 N. H. 309.   The nonsuit was properly ordered.

*Exception overruled.*

All concurred.